## Beeson *versus* Patterson.

A deed poll, ambiguous in its terms, in the absence of any other mode of ascertaining the intent of the party executing it, is to be taken most strongly against him.

ERROR to the Common Pleas of *Fayette county*.

This was an action of covenant by Alfred Patterson against Jesse Beeson, on a covenant of indemnity executed by the defendant to the plaintiff, on the 22d September 1852.

On the 17th December 1841, the plaintiff, as committee of Jesse Beeson, received from Richard Beeson, acting executor of Henry Beeson, deceased, the sum of $146.81, and gave him the following indemnifying receipt:—

"December 17th 1841: Received from Richard Beeson, Esq., acting executor, &c., of Henry Beeson (miller), dec'd, one hundred and forty-six dollars and eighty-one and one-half cents, being the net balance, and interest thereon, in his hands as executor, coming to Jesse Beeson, after retaining an amount, by him deemed sufficient to meet the principal and interest of the claim of Elizabeth McNabb, late the widow, and the heirs of John Stidger, dec'd. And whereas, the resistance heretofore given by said executor, and his co-executors, and which is still being made, to the payment of said claim, has been, and is, at the instance, and for the supposed benefit, of the said Jesse Beeson, by his committee: Now, it is agreed that, in consideration of the above payment, if, in the event, the said executors shall be adjudged to pay the *costs* incurred by contesting said claim, and cannot be acquitted from their payment, *and shall have to pay any more money* than said executor has in his hands for that purpose, the same shall be fully paid and satisfied, and the said executor, *in all respects, made safe and indemnified*, by the said Jesse Beeson, or from his estate.

"A. PATTERSON,
"One of Jesse Beeson's committee."

Mrs. McNabb had brought four suits against the executor; his resistance was unsuccessful; and in December 1846, he was compelled to pay *costs* and *interest* accrued on her annuities, to an amount of $212.47, beyond what he had retained in his hands; the amount of interest being three times that of the costs.

This money not being refunded to him, he brought suit against Patterson, in the District Court of Allegheny county, on his agreement of the 17th December 1841, and recovered a verdict and judgment for $399.38, the aggregate of costs and interest paid by him, with interest thereon. While this suit was pending,

[Beeson *v.* Patterson.]

Patterson received from Jesse Beeson the following covenant of indemnity :—

"Whereas, Richard Beeson has brought suit in the District Court of Allegheny county, against Alfred Patterson, *to recover certain costs,* which the said Richard alleged that he paid, in *a certain case,* in the Common Pleas of Fayette county, wherein Mrs. Elizabeth McNabb was plaintiff, and the said Richard, as executor of Henry Beeson, was defendant, and in which it is alleged that the said Patterson, *as trustee* of Jesse Beeson, agreed to indemnify the said Richard Beeson *against costs.* Now, I do hereby agree with the said Alfred Patterson, that if he *defends said suit* in said District Court, that if judgment should be obtained against him, that I will be responsible to, and refund to said Patterson, *the whole amount of debt and costs* that may be recovered in said case. In witness whereof, I have hereunto set my hand and seal, the 22d day of September 1852.

"JESSE BEESON." [L. S.]

On the 2d April 1856, Patterson paid the amount of the judgment recovered against him by Richard Beeson, and brought this action upon the above agreement of the 22d September 1852, to recover the amount so paid.

The court below (GILMORE, P. J.) charged the jury as follows: "We are requested, verbally, by the counsel for the defendant, to charge you, that the plaintiff is not entitled to recover any amount, inasmuch as he has not designated the particular case in which he might be entitled to recover; and we are also asked to charge you, that at most, the plaintiff can recover for the costs only in one of the cases. We charge you on both points against the defendant; and say to you, that it is a very plain case. The agreement on which the suit is brought, refers to the case in the District Court of Allegheny county, the record of which has been read to you. The amount of the recovery will be your verdict, with the interest thereon."

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $511.90, the defendant removed the cause to this court, and here assigned such charge for error.

*Veech,* for the plaintiff in error, argued, that Jesse Beeson's covenant to pay the whole amount of debt and costs, was controlled and restrained by reference to the subject-matter of the covenant, as set forth in the preamble, which spoke only of certain *costs* in *a certain case :* 1 *Fonbl. Eq.* chap. 6, § 16 ; Broughton *v.* Conway, *Moore* 58 ; 1 *Pothier Obl.* 62–3 ; Payne *v.* Collier, 1 *Ves. Jr.* 181 ; Case *v.* Cushman, 3 *W. & S.* 544.

[Beeson *v.* Patterson.]

*Howell* and *Patterson*, for the defendant in error.—The general rule of law is, that agreements must be so construed as to carry out the apparent intention of the parties. The agreement of the 22d September 1852, was intended to indemnify the plaintiff below against any recovery, in a suit brought by Richard Beeson against him, in the District Court of Allegheny county. The covenant of Jesse Beeson, in that agreement, is, that "he will refund to said Patterson the *whole amount of debt and costs,* that may be recovered in said case." It is not essential to the validity of this covenant, that the preamble or recital in the agreement should set forth fully and particularly, the grounds upon which that suit was brought. It is only necessary that it set forth sufficient to identify the case; and if it appear that the record offered in evidence, was the record of the suit referred to in the agreement, then the plaintiff was entitled to recover.

The opinion of the court was delivered by

THOMPSON, J.—The covenant on which this suit was brought, was one of indemnity against liability in a suit brought in the District Court of Allegheny, by Richard Beeson against the plaintiff below, on an agreement between them, involving interests of the defendant. It was a covenant, that if the plaintiff would defend that suit, and if judgment should be recovered against him, the defendant would "be responsible to, and refund to the plaintiff the whole amount of debt and costs that may be recovered in said case." There was sufficient consideration for this contract, and no question exists here as to that. The defence of the suit and recovery against plaintiff were admitted by the plea of covenants performed, with leave, &c. But a recovery was resisted, on the ground that the recital of the matter to be indemnified against, was different from that upon which the recovery was sought to be had. In other words, that the generality of the covenant was to be restrained by the recital in a sort of preamble to it.

It would be an extremely strict construction so to hold. The suit of Beeson *v.* Patterson might well be described as brought to recover costs, when we look at the instrument on which it was brought, and which is expressly referred to in the recital contained in the contract of the defendant. By that agreement, Patterson stipulated that, in case the executor should be adjudged to pay the *costs* incurred by contesting Mrs. McNabb's claim, and should have to pay any more money than he had in his hands for that purpose, the same should be repaid by the estate of Jesse Beeson, the plaintiff in error. It was to indemnify Patterson against this contract, that the covenant declared on was entered into. That contract was to indemnify in case of a fruitless resistance of Mrs. McNabb's claim. Neither suit nor suits were mentioned in that

[Beeson v. Patterson.]

contract. There were, however, four suits in all by Mrs. McNabb, and although all were not contested, there were costs in all. Now, while the recital speaks of the suit brought in the District Court of Allegheny county, to recover certain costs alleged by the plaintiff therein to have been paid by him in a certain case in the Common Pleas of Fayette county, it also refers to them as costs indemnified against by the plaintiff, which was an agreement, not to refund or repay costs on one or any particular case or cases, but to refund in case of an unsuccessful resistance to the claim. It is, therefore, plainly an indemnity against the stipulation therein recited; and as that was to pay in case of unsuccessful resistance, the result then, in that suit, should fix the liability in this. · But it is said, that there was interest also recovered on that agreement, as well as costs; and that as interest is not mentioned in the recital to this covenant of indemnity, it cannot be recovered here. As the covenant is general, to pay the " debt and costs" that may be recovered in that case, it cannot with much plausibility be argued that it is restrained by something that does not appear and does not exist. It is true, costs alone are mentioned in the recital; but if it had been intended that costs only were to be refunded, it would have been very easy to have said so, instead of using the words, " the whole amount of debt and costs that may be recovered in said case." It is more than probable that the *narr.* had never been adverted to; at the time the paper was drawn there is no proof that it had been; and that the recital was merely an identification of the suit· referred to, rather than an intended limitation of the covenant.

But, suppose all this to be uncertain, by reason of the ambiguity patent in the instrument, the common law rule of interpretation must then be resorted to, viz., that the instrument being the deed of the party to be bound, must be taken most strongly against him. This would be decisive against the defendant below. The rule in Pothier cited that, " however general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties proposed to contract, and not others they never thought of," is a rule in explaining intent, but it has no force where the matter intended to be contracted about is not uncertain, but the extent of the obligation only may be. In such a case, if it be contended that the words used do not express the intent of the party, and there be no explanation of them, their binding force must, of necessity, be ascertained through the rules of law applicable to such a contingency. Here, indemnity against a recovery in a prior agreement, made for the benefit of the defendant, was the object of the guarantee; the covenant is sufficiently broad to cover it, and we see nothing in the recital to limit it.

　　　　　　　　　　　　　　　Judgment affirmed.