# Collison, Appellant, *v.* Philadelphia Company.

*Deed—Construction—Interpretation by parties—Evidence.*

1. In construing a doubtful instrument the contemporaneous construction placed upon the instrument by the acts of the parties themselves will be adopted by the courts.

2. Where the terms of a deed are doubtful the courts will adopt that construction which is most strongly against the grantor and in favor of the grantee.

3. Where a deed conveying oil and gas with certain rights as to pipe lines, conduits and machinery in or on the grantor's land, is ambiguous as to whether it includes the right to erect and maintain on the land a pumping station, the court will construe the instrument so as to give such a right to the grantee, if it appears that the latter erected a pumping station on the land and operated it for fourteen years without objection by the grantor.

Argued Oct. 4, 1911. Appeal, No. 12, Oct. T., 1911, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. Term, 1910, No. 492, on verdict for defendant in case of Thomas A. Collison v. Philadelphia Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in Franklin township.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*Owen S. Cecil,* with him *Marker & Hollingsworth,* for appellant.—A contract is to be construed in reference to the time when it was made and to contemporaneous circumstances, objects and purposes of the parties: Harton's Est., 213 Pa. 499; Perry v. Payne, 217 Pa. 252; Thatcher v. W. Chester St. Ry. Co., 35 Pa. Superior Ct. 615.

The action of the parties under an instrument and their subsequent course of dealing is the last thing resorted to for determining its meaning: Davis v. Shafer, 50 Fed. Repr. 764; Railroad Co. v. Trimble, 77 U. S. 367; Russell v. Young, 94 Fed. Repr. 45.

Where there is no ambiguity in the terms of a contract the fact that a party has acted in accordance with a certain construction is not sufficient to make that construction binding upon him in the future: Penna. Co. v. Erie & Pittsburg R. R. Co., 108 Pa. 621; Dougherty v. Norwood Boro., 196 Pa. 92; Kane v. Fire Ins. Co., 199 Pa. 205; Sternbergh v. Brock, 225 Pa. 279; Alexander's App., 20 W. N. C. 283; Lummis v. Devine, 9 Pa. Superior Ct. 349; Hepburn v. Snyder, 3 Pa. 72.

*James S. Moorhead*, with him *John Gates, Jr.*, and *Robert W. Smith*, for appellee.—Courts will not assume to understand the interests of contracting parties better than the parties themselves: Phillips v. Blatchford, 137 Mass. 510.

A provision capable of two or more meanings should be construed most strongly against him whose undertaking it is: Bole v. Ins. Co., 159 Pa. 53; Gillespie v. Iseman, 210 Pa. 1; McMillin v. Titus, 222 Pa. 500; Connery v. Brooke, 73 Pa. 80.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

The rights of the defendant company in this case are based upon the language of a conveyance executed by Albert F. Dible to J. N. Pew on July 24, 1883. In consideration of the sum of $600, and one-eighth of all oil produced, the grantor conveyed unto the grantee the right to the oil and gas underlying a tract of land consisting of about thirty-five acres. He also conveyed the right to lay down and maintain upon and across said land, pipe lines, conduits and other means of conveyance for oil and gas, and gave the right to transport oil or gas by any means whatever over said tract. In addition, the right was also given to place, erect and maintain

upon said tract of land such pipes, tanks and machinery as may be necessary or required by the said second party. The dispute in this case is as to the extent of the right conveyed by this last clause. Clearly the right to erect and maintain such machinery "as may be necessary" was granted; but the question is, "necessary" for what purpose? Appellant contends that such machinery only was authorized as was required in the operation of taking oil and gas from the immediate premises. Or, if it be extended, as seems to have been the intent under the provisions of another clause, to cover the maintenance of a pipe line to transport through the premises oil or gas from other territory, appellant contends that the necessary machinery did not include or contemplate the erection and maintenance on those premises, of a pumping station for the purpose of forcing the gas from other districts or places through this property, and on through the connecting pipe line.

That the language of the grant is indistinct and open to more than one interpretation, can hardly be doubted. That being the case, the trial judge felt that the interpretation placed on the contract at the time, by the parties to it, was of binding force. He says: "Whatever we might think about the proper construction of the instrument made in 1883, if we were called upon to construe that without anything more, we think the action of the interested parties in construing it themselves, is binding, not only upon the parties who construed it, but upon their successors in title." It appears from the evidence that in the year 1895, a small portion of the tract, containing a little less than half an acre, was fenced off, and within this inclosure was erected a boiler house, a pump house with two gas pumps or compressors therein, a large water tank, and a storehouse; the whole plant being designed and used for the compression of gas, and for pumping it through a large pipe line. All this seems to have been done by the defendant under claim of right and without objection from Albert F. Dible, who had exe-

cuted the conveyance under which defendant was acting, and who was the owner of the land when these improvements were made, and who continued as such owner until the year 1909. It was not until then, some fourteen years after the erection of the structures now complained of, that Mr. Dible conveyed the land to the plaintiff in this case, subject to the rights which he had previously granted to the predecessor in title of the defendant company. It was this evidence as to the practical construction placed upon the agreement, by the parties to it, and the continued acquiescence therein, during a period of fourteen years, which led the court below to give binding instructions in favor of the defendant.

We agree with the trial judge that the facts of this case properly called for the application of the principles set forth in Gillespie v. Iseman, 210 Pa. 1, and in McMillin v. Titus, 222 Pa. 500. Not only was he justified in the conclusion which he reached, by the principle that in case of ambiguity, the contemporaneous construction placed upon the instrument by the acts of the parties is to prevail, but he is also sustained by another well-known principle, which is, that in such a case the construction to be adopted is that which is most strongly against the grantor and in favor of the grantee. "The words of a document will, in cases of doubt, be construed most strongly against the party using them, or, as it is sometimes expressed, fortius contra proferentem. This principle has frequently been applied in the case of deeds, including those by way of lease or by way of mortgage:" 17 Am. & Eng. Ency. of Law (2d ed.), 14. In the present case the conveyance of the right to erect machinery would naturally involve the right to protect it by means of a suitable cover or building. As to whether the machinery which was installed by the defendant was such only as was contemplated in the grant, might very well have been a question of fact for the jury; but that matter is not raised by the assignments of error, and both sides seem to have agreed that the matter was one of con-

struction of the terms of the grant, and was to be disposed of as such by the court.  With that disposition we agree. The assignments of error are overruled and the judgment is affirmed.