# Wilson *v.* Peerless Company, Appellant.

*Deeds—Construction—Alleyway.*

A deed of a lot of land describing the same as extending between parallel lines at right angles with a certain street, "to and including on the rear end thereof the soil of a certain two feet six inches wide alley," is to be construed as conveying to the grantee title to the land to the boundary of the alley, with the use of the alley in common with other owners of lots abutting thereon. Where the words of a grant have a doubtful meaning, they should be construed most strongly against the grantor.

Argued March 27, 1913. Appeal, No. 83, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Phila-

Statement of Facts—Opinion of the Court.  [240 Pa.

delphia Co., Dec. T., 1911, No. 4528, on verdict for plaintiff in case of John Wilson v. Peerless Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for strip of ground two feet six inches wide in rear of plaintiff's property. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff by direction of the court, upon which judgment was subsequently entered. Defendant appealed.

*Errors assigned* were the refusal of binding instructions for defendant and refusal of motion for judgment n. o. v.

*Charles H. Pile,* with him *William J. Geggis,* for appellant.

*C. B. D. Richardson,* with him *Leonard Rice,* for appellee.

PER CURIAM, April 28, 1913:

In 1897 Kennedy, who was the owner of land extending from Westmoreland street, one hundred and fifty feet, six and seven-eighths inches to Willard street, sold to Armstrong, the plaintiff's grantor, a number of lots fronting on Westmoreland street and "extending...... in depth southwestwardly between parallel lines at right angles with said Westmoreland street sixty feet to and including on the rear end thereof the soil of a certain two feet six inches wide alley leading southeastwardly and northwestwardly and laid out by the said John M. Kennedy, Jr., for the common use of all ground bounding thereon." In 1899 and before the erection of buildings on the lots conveyed to Armstrong, Kennedy sold to the defendant's grantor, the land fronting on Willard street, extending in depth ninety feet, six and

seven-eighths inches to a point, no mention being made of the alley.   In 1899 Armstrong erected houses on the Westmoreland street lots and placed a fence on a line sixty feet from Westmoreland street with gates that opened into the vacant land in the rear.   This placed the alley beyond the line sixty feet from Westmoreland street where it was used by the occupants of the houses without objection for twelve years and until encroached upon by the defendant.   In an action of ejectment by the plaintiff for the strip of ground two feet six inches wide parallel with and sixty feet from Westmoreland street a verdict was directed in his favor.

The only question involved in the appeal is the construction to be placed on the inconsistent words "to and including" in the grant to the plaintiff's predecessor. The construction placed on the deed by the learned trial judge was that the grant to the plaintiff was of a lot sixty feet in depth from Westmoreland street, to an alley back of his lot, with the use of the alley in common with other owners of lots abutting on it.   This construction gives to the words "sixty feet to" the meaning that the alley is sixty feet from the street.   The construction contended for by the appellant would include the width of the alley within the sixty feet, the depth of the lot, as described and gives no effect to the word "to."   A construction should be given to an instrument as a whole, which, if possible, will give effect to all the words, and where the words of a grant have a doubtful meaning, they should be taken most strongly against the grantor: McMillin v. Titus, 222 Pa. 500; Collison v. Philadelphia Co., 233 Pa. 350.

The judgment is affirmed.