## Chance's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.
*Albert Smith Faught*, for exceptants.

*John Wintersteen*, of *Wintersteen, McCoy & Winter-steen*, contra.

STEARNE, J., July 16, 1937.—The question raised by exceptions is whether decedent's will terminated an inter vivos trust created by her. The auditing judge ruled that it did not.

The terms of the deed and the will are almost identical. The deed names a corporate fiduciary as sole trustee, while the will appoints the same trust company, with a daughter and two grandsons, cotrustees. The trust was created in Philadelphia. The will was probated in Monroe County, Pa., the domicile of decedent at the time of her decease. At the audit, counsel for all parties contended that the will terminated the trust, and requested that, upon such termination, the trust res be awarded to the executors at the domicile. Upon the refusal of the auditing judge so to terminate, exceptions were filed by certain of the parties. Upon argument before the court en banc no one appeared against exceptants. We were unanimous that in the circumstances of this case, it was incumbent upon the trustee to defend the trust: Harrison's Estate, 25 D. & C. 133, 139, affirmed in 322 Pa. 532. Upon a reargument the trustee resisted the termination.

The factual situation is carefully reviewed by the auditing judge. To summarize: The deed, in its last paragraph, provides that it is revocable by deed. Settlor also reserved the right to "amend" the terms in like manner. Settlor chose by deed to alter the deed on three subsequent occasions. On May 19, 1927, she enlarged the powers of

the trustee as to investments and administration; on February 17, 1930, settlor made certain changes respecting beneficiaries and their shares; on April 18, 1934, she enlarged, as well as restricted, the powers of the trustee concerning the management of the trust, and stipulated:

"I hereby reserve the right to *amend* the terms [of the deed] . . . either by a further written deed or instrument *or by my last will and testament* or codicil thereto." (Italics supplied).

Decedent did execute a will dated May 1936, wherein nothing is mentioned concerning the termination or alteration of the inter vivos trust. This will was probated, and with it a carbon copy of a letter directed to settlor from her counsel wherein settlor signed her name after the word "approved". This letter constitutes a part of the correspondence between decedent and her counsel concerning the preparation of a new will. The clause in the letter which gives rise to the present controversy reads as follows:

"I had a conference today with the Girard Trust Company and two additional paragraphs have been suggested for insertion in your will. Paragraph Seventh is intended to make clear that after your death your will carries the whole story of your wishes and plans. It therefore seemed advisable to state in black and white that as of the time of your death the existing agreements between you and the Girard Trust Company be cancelled and terminated, and it becomes the duty of the Girard Trust Company to place in your Trust Estate under your will everything which it may then have under the old agreements."

Two questions are raised: (1) Under the above facts may the inter vivos trust be terminated by will, and (2) if so was this effectually done?

At the outset it must be borne in mind that a deed is strictly construed against the grantor: 18 C. J. 263; Beeson v. Patterson 36 Pa. 24; Collison v. Philadelphia Co., 233 Pa. 350. The deed itself made the distinction between a revocation and an amendment. One clause is

devoted to provisions with respect to the former, and another concerning the latter. In both instances, however, in the original trust deed such change is to be made by deed. It is to be observed that in the final amendment so made by deed the reservation is to amend by will with no provision that a revocation may likewise be made by will. It was upon this theory that the auditing judge ruled that settlor had not revoked her inter vivos trust. We agree with his ruling. It must be admitted that this is an extremely narrow distinction. However, settlor herself made the distinction in her original deed, and under its terms the distinction must be adhered to. Such principle is analogous to the requirement of strict compliance with the terms of a power of appointment: In re Levering Trust, 9 D. & C. 328; Price's Estate, 27 Dist. R. 561.

Should, however, it be regarded that settlor did reserve the right to terminate the trust by will, the question still remains: Did she so revoke the deed by her will?

As we construe the carbon copy of the letter from decedent's lawyer on which she marked "approved" and signed, the sole effect was settlor's direction that the lawyer prepare a will, and in this will it should be provided that the inter vivos trust be revoked. The mere fact that this writing was probated together with the formally executed will does not constitute such letter a part of the will. Probating does not create a will. It cannot make a will out of a writing which was not a will before: Bowlby v. Thunder, 105 Pa. 173, 179. The letter did not revoke the trust, it merely authorized her attorney to prepare a will, in which document such revocation should be made. Settlor's action was not in praesenti but in futuro. In any event, the letter may only be regarded as an instruction to make a will. Such instructions do not constitute the will: Willing's Estate, 212 Pa. 136. The basis for such decision appears clear. It may well be that between the date of instructions and the actual execution of the contemplated will decedent could change her intention. It must not be assumed that this court is collaterally at-

tacking the decree of probate. We are obliged, however, to construe what has been probated, particularly as to whether the copy of the letter is, or is not, a part of the will itself, and the effect of the probated document upon the present trust.

The consent of all parties in interest to terminate the trust is ineffectual because of the existence of the spendthrift clause: Moser's Estate, 270 Pa. 217; Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301; Harrison's Estate, supra.

The exceptions are dismissed and the adjudication is confirmed absolutely.