# Morgan's Estate (No. 1).

*Trusts and trustees—Spendthrift trust—Estate in fee simple.*

1. Where a married woman by her will gives her estate, real and personal, to a trustee for the benefit of her husband with the usual provisions creating a spendthrift trust, and further directs that after the expiration of three years the trustee shall convey the real estate, or deliver the personal property to any person whom the husband may direct, and if the husband makes no direction to continue the trust until the death of the husband, to convey and deliver the estate to whom he may appoint by will, or in default of appointment to his heirs at law, the husband takes an estate in fee, and if he continues the estate in the hands of the trustee until his death his creditors are entitled to payment out of the estate.

2. The law rests its protection of what is known as a spendthrift trust fundamentally on the principle of cujus est dare, cujus est disponere. It allows the donor to condition his bounty as suits himself, so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust; and to deprive him of it would be a fraud on his generosity. For the law to appropriate a gift to a person not intended would be an invasion of the donor's private dominion.

3. Whatever a chancellor would decree to be done shall be considered as though it were actually done.

4. A man shall not be the real owner of property with full right to deal with it as he pleases, taking the full income of it to his own exclusive use and keep the same from the claims of his creditors. What he cannot do for himself in this regard cannot be done for him by another.

Argued Oct. 28, 1908. Appeal, No. 228, Oct. T., 1908, by A. Pinedo, from decree of O. C. Allegheny Co., Dec. T., 1907, No. 122, dismissing exceptions to adjudication in Estate of Martha B. Morgan. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.   Before HAWKINS, P. J.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*S. W. Cunningham*, with him *Sion B. Smith*, for appellant.—
The will created a fee in Morgan: McFadden v. Drake, 79 Pa.
473; Lawrence's Est., 136 Pa. 354; Mackason's App., 42 Pa.
330; Hahn v. Hutchinson, 159 Pa. 133; Keyser's App., 57 Pa.
236; Van Leer v. Van Leer, 221 Pa. 195; Ehrisman v. Sener,
162 Pa. 577.

*James R. Sterrett*, of *Patterson, Sterrett & Acheson*, with him
*John D. Evans* and *William H. McClung*, for appellees.—Equity
will preserve such a trust to give effect to the donor's right of
dominion over his property: Dodson v. Ball, 60 Pa. 492.

OPINION BY MR. JUSTICE STEWART, January 4, 1909 :
By her will, Martha B. Morgan, testatrix, gave her entire
estate, real and personal, to the Safe Deposit and Trust Com-
pany of Pittsburg, in trust, exclusively for the use and benefit
of her husband, Benjamin W. Morgan.   The terms of the trust
directed that the trustee—adopting the language of the will—
" Shall and will receive and hold my personal estate for the
period of three years after my decease, and permit my husband
Benjamin W. Morgan to use the same, and shall and will dur-
ing the aforesaid period, collect and receive the rents and
profits of my real estate (if any), and after paying the taxes,
and the necessary expenses of keeping up the improvements,
and the insurance upon the same, shall and will pay over the
balance of said rents and profits into the hands of said Benja-
min W. Morgan, or such person or persons as he may desig-
nate to receive the same ; or at the option of said company
permit the said Benjamin W. Morgan to occupy said real es-
tate during the period aforesaid ; but so that none of my estate,
real or personal, shall be in the control or liable for the debts
or engagements of the said Benjamin W. Morgan.   And upon
the further trust and confidence that the said Safe Deposit and
Trust Company, after the lapse of the period aforesaid (or
sooner if desired by said Benjamin W. Morgan) shall and will

convey in fee any or all my real estate, and deliver any or all of my personal property absolutely, to such person or persons as the said Benjamin W. Morgan shall by any writing under seal appoint." The will further provided that in case the husband failed to so appoint, he was to continue to enjoy during his life the use of the personal property, and to receive the rents of the real estate, but so that none of the estate should be liable for his debts or engagements. It gave him the right to appoint by last will, and in the event of failure to appoint, the estate was to go to his legal heirs. This appeal is by a creditor of Benjamin W. Morgan from the decree distributing the estate of Martha B. Morgan; his contention being that Benjamin W. Morgan took an absolute estate under the will of the said Martha B. Morgan.

The question we have to consider is the sufficiency of the spendthrift trust attempted to be created under the will of Martha B. Morgan. The law rests its protection of what is known as a spendthrift trust fundamentally on the principle of cujus est dare, ejus est disponere. It allows the donor to condition his bounty as suits himself, so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust; and to deprive him of it would be a fraud on his generosity. For the law to appropriate a gift to a person not intended would be an invasion of the donor's private dominion: Holdship v. Patterson, 7 Watts, 547. It is always to be remembered that consideration for the beneficiary does not even in the remotest way enter into the policy of the law; it has regard solely to the rights of the donor. Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone. They allow the donor to so control his bounty, through the creation of the trust, that it may be exempt from liability for the donee's debts, not because the law is concerned to keep the donee from wasting it, but because it is concerned to protect the donor's right of property. Does the will of this testatrix express direction or purpose that the property given her husband thereunder shall in any and every event be exempt from liability for his debts? If it does, and no rule of property is transgressed in connection therewith, the law will see to it that

her wishes and directions are observed. Of course, the testatrix had exemption from liability for debt in mind, and she expressly provides for it; but she provides for it in a way that makes it quite manifest, that the only purpose she had was to provide her husband a shield equal to a defense of the property she was about to leave him against the demands of his creditors which he might use if he chose, and abandon when he was so disposed. What other meaning can be gathered from the provision requiring the trustee, after the lapse of three years, or sooner if desired by the said Benjamin W. Morgan, to convey in fee any or all the real estate, and deliver all the personal property absolutely, to any person or persons the said Benjamin W. Morgan may appoint in writing under seal? The termination of the trust—and that is what this provision contemplates, and it is not in any way qualified by other expressions in the will—would necessarily vest the absolute dominion and ownership of the property in the husband, and with such vesting the exemption from liability would cease. Had the will provided that the trust was to continue so long as there was any existing indebtedness of the husband enforceable against him, it would have been another thing; but the time of its determination was left entirely in the discretion of the husband. At once upon the will becoming operative, it was in his power to destroy the trust and acquire full power of alienation. True, he did not choose to exercise the power given him in this regard; but that is wholly immaterial. So long as the trust continued after the right to terminate attached, the exemption from liability for his debts which the trust was intended to secure, survived, not because it was so directed by the testatrix, but solely because it was the pleasure of the husband that it should so continue. The very fact that power is given which may be used by the cestui que trust to apply the fund in whole or in part to the payment of his debts, is an investiture pro tanto of ownership. We repeat, spendthrift trusts are allowed not because the law concerns itself for the donee; he may conserve or dissipate as he pleases; the law's only concern is to give effect to the will of the donor as he has expressed it. When a donor substitutes for his own absolute right of disposition, the pleasure of the donee, the gift is absolute.

The provision in the will referred to is entitled to a still larger significance. The right absolute given the donee to require the trustee to convey the real estate in fee, and surrender the personal estate absolutely, strips the trust of every active duty and of every right of control, beyond the pleasure of the donee. The result, as we have said, is not dependent on the exercise of the right; it inheres in and results from the very power itself. It determines the quality of the donee's estate, and operates to merge the two estates, legal and equitable. The true test, as said in Rife v. Geyer, 59 Pa. 393, is whether a court of equity would decree a conveyance of the legal title. Can there be any question that equity would have compelled a conveyance in this instance, and a surrender of the entire estate? To have refused it would have been to disregard a positive direction of the testatrix. It is an invariable rule that whatever a chancellor would decree to be done, shall be considered as though it were actually done. While a merger of the two estates here would have rendered the property liable for the debts of the husband, it cannot be said that such result would defeat the object of the donor, since the merger is exactly what she directed to take place whenever her husband demanded it. In Keyser's Appeal, 57 Pa. 236, there was a trust of a fee giving the cestui que trust the beneficial estate, with a provision that it should not be liable for his debts. This provision, it was there said, if there had been no trust, would have been repugnant to the estate devised as a condition not to alien. It was stricken down because the cestui que trusts had an equitable estate in fee, with full power to alien or devise, and because it was an attempt to deprive their estate of a necessary lawful incident, made so by statute and consonant with every reason of justice and policy. It is impossible to avoid the conclusion that in the present case it was an attempt to give title to property without the incident of ownership. This the law will not sanction. In Hahn v. Hutchinson, 159 Pa. 133, it is said: "The whole course of reasoning is that a man shall not be the real owner of property with full right to deal with it as he pleases, taking the full income of it to his own exclusive use and keep the same from the claims of his creditors. What he cannot do for himself in this regard, cannot be done for him by another. When the grant comes

from another, and yet has these incidents, it is as obnoxious to the foregoing objections as when it arises upon his own grant to third persons as trustees for him."

The right of alienation in the present case was given the donee in unmistakable and unrestricted terms; and this of itself defeats the attempted trust. The assignments of error are sustained, the decree of the orphans' court is reversed, and it is now directed that distribution be made in accordance with the views here expressed.