## Sutherland v. Paul.

*Trusts and trustees—Spendthrift trust—Attachment for alimony—Act of May 10, 1921.*

1. A spendthrift trust created by a will which had become operative prior to the Act of May 10, 1921, P. L. 434, is not subject to that act, which provides, under certain circumstances, for payment of the support of the wife of the *cestui que trust* out of the income from the trust.

2. Spendthrift trusts are sustained, not for the benefit of the donee, but to maintain the dominion of the donor over his property.

Attachment execution *sur* judgment. Motion to quash attachment. C. P. Allegheny Co., Jan. T., 1926, No. 2630.

Before Shafer, P. J., and Moore, J.

*Wm. G. Bechman,* for plaintiff; *McIlvain, Murphy & Mohn,* for garnishee.

SHAFER, P. J., March 9, 1926.—The plaintiff and the garnishee have filed a stipulation agreeing to the facts in this case, and from which it appears

Sutherland v. Paul.

that the plaintiff is a divorced wife of the defendant, E. V. D. Paul, the divorce having been granted in the State of Oregon, and in connection with that divorce alimony was decreed to be paid by the defendant. This suit is founded upon an exemplification of the record in that case, and upon it an execution attachment has been issued and served upon the Fidelity Title and Trust Company, trustee under the will of Jacob W. Paul for E. V. D. Paul, the defendant. This will was admitted to probate on July 26, 1920, and contains a bequest to the Fidelity Title and Trust Company of the sum of $50,000 in trust to invest the same and pay the income to his son, E. V. D. Paul, for and during the term of his natural life, without liability, assignment, charge or anticipation by him, and upon his death to distribute to various charities and to a son of the said E. V. D. Paul.

We understand it to be conceded, and if not, it is perfectly plain, that as the law stood in 1920, when this will was probated, the income of the $50,000 given to the Fidelity Title and Trust Company, as above stated, was not liable to attachment for any purpose whatever or upon any kind of judgment.

Since that time, however, the Act of May 10, 1921, P. L. 434, was passed, and this act makes such trusts subject to attachment to a certain extent at least, and provides that the act was to be enforced, "whether such a trust was created or came into existence before or after the passage of this act," and it is upon this act, as we understand it, that plaintiff in the execution attachment relies. We understand from counsel that no case involving this part of the act has reached any of the appellate courts of the State. We are clearly of opinion, considering the true nature of a spendthrift trust, that it is not in the power of the legislature to direct a use of the fund different from that which the donor has directed. Spendthrift trusts are sustained, not for the benefit of the donee, but to maintain the dominion of the donor over his property. This is fully expressed in the case of Morgan's Estate, 223 Pa. 228. It is there stated that: "Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone. They allow the donor to so control his bounty through the creation of the trust that it may be exempt from liability for the donee's debts, not because the law is concerned to keep the donee from wasting it, but because it is concerned to protecting the donor's right of property."

If this act were given effect, the result would be to take the donor's property and apply it to a use different from that which he lawfully directed it should be applied to. It would be to take the money of one man and give it to another, which the legislature cannot do. We are, therefore, of opinion that the funds in the hands of the garnishee, acquired under the section of the will above stated, which are admittedly the only funds in the hands of the garnishee, are not liable to attachment in this proceeding.

The motion here is to quash the writ of attachment, and no suggestion was made at the argument that that would not be the result of a determination of the question argued against the plaintiff. The matters set up here do not constitute a sufficient ground for quashing the writ which may possibly affect other property. What the defendant is entitled to under the circumstances, it seems to us, is to have the attachment dissolved as against the Fidelity Title and Trust Company, trustee, garnishee.

It is, therefore, ordered that the attachment herein be dissolved as against the Fidelity Title and Trust Company, trustee, garnishee herein.

From William J. Aiken, Pittsburgh, Pa.