490

## Riley Estate

Before Klein, P. J., Bolger, Hunter, and Lefever, JJ.
*William Buchanan Gold, Jr.*, for exceptant.
*Edmund B. Spaeth, Jr.*, and *Shippen Lewis*, contra.

LEFEVER, J., February 15, 1952.—Settlor, Lewis Alsop Riley, executed a deed of trust, dated June 25, 1928, wherein and whereby he transferred all of his interest "to which he may be entitled in possession upon his arrival at the age of twenty-one years" under a deed of trust, dated June 28, 1917, made by his grandfather, Lewis A. Riley. Settlor created a life estate for himself, with right to draw down one half of the principal at age 35, and the other half at age 55, and reserved a power of appointment by will as to any undistributed principal.

Under his grandfather's deed settlor was entitled to receive distribution of one eighth of the principal of his grandfather's trust on his twenty-first birthday, and settlor also acquired a future interest in an additional one eighth of the principal of the trust which was vested but subject to divestment in the event his aunt, Margaret Morton Townsend, the life tenant, died *with* issue surviving her.

On June 24, 1928, settlor became 21 years old. On that date Margaret Morton Townsend was 55 years of age and had no issue. She is still living but has no issue. Therefore, the possibility of the divestment of the remainder is now remote.

Settlor died on January 16, 1948, a resident of Connecticut, leaving a will dated March 25, 1943, which has been duly probated there. By the second item of his will, settlor provided:

"I exercise the power of appointment reserved by me . . . under . . . a certain Deed of Trust given by me as Settlor to said Provident Trust Company of Philadelphia as Trustee, . . . hereby confirming my assignment and transfer to the Trust under my said Deed of all property to which I am entitled or will be entitled under the provisions of a certain Deed of Trust made by my grandfather . . .".

He then directed payment of the income from the appointed estate for life to his widow, Marguerite Castaing Riley (with certain provisions for invading principal on her behalf) and, on her death, distribution of the principal remaining in three equal shares, one for each of his daughters by a former marriage, Marie Louise Riley and Jean Brooke Riley, and the third share in trust for life for his stepson, Jacques Dardenne, with remainder over on the latter's death to the two daughters. By the third paragraph of his will settlor gave the residue of his estate absolutely to his widow.

The issue here presented is whether or not settlor included in his deed of trust his future interest in the trust of his grandfather which will fall in upon the death of Margaret Morton Townsend (unless divested by her dying with issue).

The learned auditing judge ruled that this future interest was not included in settlor's deed. The able guardian ad litem for settlor's minor daughters, Marie Louise Riley and Jean Brooke Riley, has filed exceptions to that adjudication, contending (1) that the language of settlor's deed expressly included the future interest, and (2) that even though the language in the deed did not include the future interest the language in the second paragraph of settlor's will clearly specified that it should be included.

The language of the deed is clear and unequivocal. It was aptly analyzed by the learned auditing judge as follows: "The phraseology is not ambiguous. He transferred and assigned to the accountant all interest he had under the deed of Lewis A. Riley 'to which he may be entitled *in possession* upon his arrival at the age of twenty-one years. . . .' (Italics supplied.) Clearly, by the use of this language, he could not have intended to include his future interest not then in pos-

session, even though vested. The phrase '. . . together with all other moneys, investments, securities and property of every kind or nature which may at any time under the terms of this Deed constitute the capital of the Trust by this Deed created . . .' does not indicate an intention to include the future interest, for obviously that refers only to the right to add to the trust reserved under the fourth item of the deed."

The correctness of this ruling becomes more apparent when the language of the deed is examined in the light of the surrounding circumstances. Settlor executed the deed the day following his twenty-first birthday. Presumably, it was drafted before that date, and the scrivener was thinking of the future birthday when he used the clause "he may be entitled". Under the deed of his grandfather, settlor was to receive on that date a substantial estate, viz, one eighth of the principal of his grandfather's trust. Settlor apparently felt himself incapable, or inexperienced, or too young to handle this sizable estate immediately. Consequently, he forthwith placed in trust all of it except $3,000, which he withdrew for his personal use. However, he reserved the right in his deed to withdraw one half of the principal when he became 35 years of age and the remaining half when he reached 55 years of age.

At the time settlor executed the deed, Margaret Morton Townsend was childless and 55 years old and, therefore, although not probable it was still possible that she might have children. It would appear, therefore, that in drafting the deed either (1) settlor overlooked or paid no attention to his future interest in his grandfather's trust which would fall in on the death of Margaret Morton Townsend; or (2) he considered this interest and decided that he would make no provision with regard to it in view of the possibility that it might later be divested by Margaret Morton Townsend hav-

ing children; or (3) he decided to postpone disposition of the property represented by that future interest until the date of Margaret Morton Townsend's death, when he would know the actual facts and in particular be able to determine whether he had then attained sufficient age and wisdom to be able to handle the property himself (as he had reserved the right to do with regard to the other property in his trust when he reached the respective ages of 35 and 55).

No other plausible explanation of the words "in possession" can logically be assigned. If settlor intended to include the future interest in the trust the words "in possession" are meaningless surplusage, for settlor could have and would have clearly conveyed the future interest by the language, "all right, title, interest, property claim and demand of whatsoever kind or nature, of, in and to . . . which he may be entitled . . . under or by virtue of the provision of the deed of trust dated June 28, 1917" of his grandfather. He would then have deleted the clause "to which he may be entitled in possession upon his arrival at the age of twenty-one years". We are loath to hold that settlor did a vain and useless thing. It is clear, therefore, that the language in the deed refers to that portion of the grandfather's trust to which settlor was entitled in fee on his twenty-first birthday and did not include the future interest.

Settlor reserved the right in his deed to add to the principal of the trust. He could have accomplished this by his will, if he had therein employed appropriate language. But settlor did not do this. Instead he made specific reference to his deed of trust (1) by expressly exercising the power of appointment reserved therein, and (2) by "confirming my assignment and transfer to the trust". Clearly, the language in the second item of settlor's will relates to, and is dependent upon, the

deed and must be construed in the light of the language therein. As pointed out above, the unambiguous language of that deed covered only the property which settlor received from his grandfather's trust on his twenty-first birthday. Consequently, the language in the second item of settlor's will can not rise any further or be construed to include any more than the property described in his deed. We conclude, therefore, that the future interest was not made a part of the trust under settlor's deed by the language in his will. (Of course, we are here deciding only that the future interest did not pass *under the deed*, since settlor's will and his individual estate are not within our jurisdiction but must be settled in the courts of Connecticut, the State of settlor's domicile at death).

It is interesting to note that the settlor apparently did not consider the future interest a part of the trust estate under his deed for after reaching 35 years of age he approved an accounting stated by the trustee (but not filed in court), which did not list as an asset or make any mention of the future interest.

It would appear further that even if settlor did intend to include the future interest in the trust under his deed he could not do so effectively because of the spendthrift clause contained in his grandfather's deed. This spendthrift clause provided that the principal and income of the trust "shall not in any way or manner be subject to their [the beneficiaries'] or either of their anticipation, sale, pledge, debts, contracts, engagements or liabilities. . . ."

"It is well settled by an unbroken line of cases . . . that, by using apt words, a parent may create a special trust for the benefit of an unfortunate or a spendthrift child, without exposing his bounty to liability for any debts, contracts, or engagements of the beneficiary": Mehaffey Estate, 139 Pa. 276, 281 (1890).

496

The words "anticipation", "sale", "contracts", and "engagements" are sufficiently broad to cover the assignment or conveyance which exceptants argue was made by settlor in his deed: Mehaffey's Estate, supra. Spendthrift trusts are favorites of the Pennsylvania courts, and are given special protection by them: Stambaugh's Estate, 135 Pa. 585 (1890), and Schmidt's Estate, 5 D. & C. 470 (1924). This is based on the principle that the law "allows the donor to condition his bounty as suits himself, so long as he violates no law in so doing": Morgan's Estate (No. 1), 223 Pa. 228, 230 (1909). We rule, therefore, that settlor was prohibited by the spendthrift trust clause in his grandfather's deed from effectively assigning or conveying his future interest until the death of Margaret Morton Townsend (without issue) when he was entitled to possession thereof.

It follows from the above that the learned auditing judge correctly disposed of the issues in this case. Consequently, the exceptions are dismissed.