**In re Donald Ray CLIFFORD, Debtor.**

No. 04–33909.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Feb. 2, 2005.

Curtis K. Walker, Minneapolis, MN, for Debtor.

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on December 9, 2004, on objection of Michael J. Farrell, Chapter 13 Trustee, to Debtor Donald Ray Clifford's claim regarding his Evangelical Lutheran Church of America (ELCA) Pension. Patti J. Sullivan appeared for the Trustee, and Mary C. Hoben appeared for the Debtor. Having heard arguments of counsel, reviewed the briefs and being fully advised in the matter, the Court now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I

The Debtor claims that his ELCA pension is excluded from his estate under 11 U.S.C. § 541(c)(2), but, if not, then fully exempt under Minn.Stat. § 550.37, subd. 24(a), in the amount of $150,000. This order deals only with the exclusion claim and rules that the pension is not excluded from the estate under 11 U.S.C. § 541(c)(2).

## II

The Debtor's pension is a defined contribution plan under Internal Revenue Code § 403(b)(9), a church plan. The plan has this anti-alienation provision:

ARTICLE II: RETIREMENT PLAN TRUST

Sec. II.03 *Benefits May Not Be Assigned or Alienated.* Except as otherwise expressly permitted by the Retirement Plan, or required by law, the interests of participants and their beneficiaries under the Retirement Plan or this Agreement may not in any manner whatsoever be assigned or alienated, whether voluntarily or involuntarily, directly or indirectly.

The Debtor argues that this provision constitutes a spendthrift trust clause enforceable under Minnesota law, and that the pension is therefore excluded from the estate under 11 U.S.C. § 541(c)(2), which provides:

§ 541. Property of the estate

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

■ There is no federal or state statutory source of enforcement for this anti-alienation provision.[1] Minnesota spendthrift trust law is not a source of enforcement, either.

■ Minnesota spendthrift trust law is fashioned in equity and is premised on a

---

1. The Debtor's brief argues only application of Minnesota non-statutory spendthrift trust law. At oral argument, the Debtor pointed to Internal Revenue Code § 403(b)(11) as a statutory source of enforcement. However, that section pertains only to contributions made under a salary reduction agreement. No such agreement is involved in the Debtor's case. Additionally, the United States Supreme Court has indicated that 403(b)(9) church plans have no federal statutory source of enforcement and, absent enforceability under some other nonbankruptcy law, church plans are subject to the Code's exemption provisions. See: *Patterson v. Shumate*, 504 U.S. 753, 762, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

recognized right of a benefactor to control the gift of the benefactor's own property.

The validity of a spendthrift trust is upheld on the theory that the owner of property, in the free exercise of his will in disposing of it, may secure such benefits to the objects of his bounty as he sees fit and may, if he so desires, limit its benefits to persons of his choice, who part with nothing in return, to the exclusion of creditors and others. *Nichols v. Eaton,* 91 U.S. 716, 23 L.Ed. 254; *First Nat. Bank v. Olufson,* 181 Minn. 289, 232 N.W. 337; *Erickson v. Erickson,* 197 Minn. 71, 267 N.W. 426; *In re Estate of Lee,* 214 Minn. 448, 9 N.W.2d 245; 1 Bogert, Trusts and Trustees, s 222. In *In Re Morgan's Estate,* 223 Pa. 228, 230, 72 A. 498, 499, 25 L.R.A.,N.S., 236, 132 Am.St.Rep. 732, we find the following statement: ' * * * The law rests its protection of what is known as a spendthrift trust fundamentally on the principle of *cujus est dare, ejus est disponere.* It allows the donor to condition his bounty as suits himself so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust; and to deprive him of it would be a fraud on his generosity. For the law to appropriate a gift to a person not intended would be an invasion of the donor's private dominion. * * * It is always to be remembered that consideration for the beneficiary does not even in the remotest way enter into the policy of the law. It has regard solely to the rights of the donor. Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone.'

*In re Moulton's Estate,* 233 Minn. 286, 46 N.W.2d 667, 670 (1951). The Minnesota Supreme Court has never allowed spend-thrift trust protection where a donor/donee relationship is not present. The Eighth Circuit was invited to extend Minnesota spendthrift law beyond that relationship, but declined. In rejecting protection of the Minnesota Teachers' Retirement Fund under Minnesota spendthrift trust law, the Circuit Court said:

We believe that the Fund is actually a form of deferred compensation, whereas a spendthrift trust is generally used to provide for the maintenance and support of its beneficiaries.

*Humphrey v. Buckley (In re Swanson),* 873 F.2d 1121, 1124 (1989).

Here, too, the contributions made by the Debtor's employers into the ELCA 403(b)(9) church plan for the debtor's benefit were deferred compensation, not gifts. The rationale underpinning Minnesota spendthrift trust protection simply does not apply. The anti-alienation language is gratuitous and not enforceable under that law.

### III

For the reasons discussed above, the Court concludes that the Debtor's Evangelical Lutheran Church of America Pension is not excluded from the Debtor's estate, but remains property of the estate, subject to the Debtor's exemption rights.