## Moser's Estate.

*Wills—Trusts and trustees — Spendthrift trust — Remainder—Merger—Intention.*

1. Where two estates meet, merger will not be permitted if the purposes of the creation of one of them require that they should remain distinct. .

2. A gift by will of a fund in trust "to safely invest the same and pay the net income thereof" to a married sister of testatrix "during the term of her natural life, without liability for any of her debts, engagements or contracts," and upon her death then over, creates a spendthrift trust in the sister, which cannot be terminated during her lifetime.

Argued March 15, 1921. Appeal, No. 7, Jan. T., 1921, by Mary J. Engel, from decree of O. C. Berks Co., Jan. T., 1918, No. 15, dismissing petition to terminate a trust, in estate of Anna K. Moser, deceased. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition to terminate trust. Before SCHAEFFER, P. J.

From the record it appears that on January 25, 1917, Mary J. Engel and Wm. M. Engel assigned all their interest in a fund of $3,000 passing under the will of Anna K. Moser, to Amanda Ruth, mother of Mrs. Moser, and that subsequently Amanda Ruth died leaving all of her estate absolutely to her daughter, Mary J. Engel. Other facts appear by the opinion of the Supreme Court.

The court dismissed the petition: See 12 Berks Co. L. R. 93. The petitioner appealed.

*Error assigned,* inter alia, was decree, quoting it.

*D. E. Schroeder,* for appellant.

*H. Seidel Throm* and *D. N. Schaeffer & Son,* for appellees, were not heard.

PER CURIAM, April 11, 1921:

Mary J. Engel appeals from the refusal of the court below to terminate a trust and award the fund to her; we affirm on the following excerpts from the opinion of that tribunal: "The will of Anna K. Moser gives the sum of $3,000, after the death of Amanda Ruth, in trust 'to safely invest the same and pay the net income thereof to Mary J. Engel, during the term of her natural life, without liability for any of her debts, engagements or contracts, and upon the death of Mary J. Engel to pay the said principal to William M. Engel.' The trust is clearly a spendthrift trust for the benefit of Mary J. Engel; it was established for her protection, the income is payable to her as long as she lives, and cannot be diverted from that channel during her lifetime; it is beyond her power by any action or nonaction to release the principal, and she cannot dispose of her equitable interest as cestui que trust, nor can it be taken from her......The petitioner contends that, even if it be held that Mary J. Engel could not assign her right to the income of the trust fund, yet she is entitled to the whole absolutely, because she is possessed of the life estate and also the remainder and, the two coalescing, the whole legacy should be distributed to her as the only party in interest. This position is not tenable, because the estates are not of the same character; while it is true she may be the sole owner of the remainder, yet her interest for life is merely that of a cestui que trust under a spendthrift trust, a life estate which will not coalesce with an estate in remainder:......Where two estates meet, merger will not be permitted if the purposes of the creation of one of them require that they should remain distinct. It is obvious that the intention of the testatrix was to create a trust of the $3,000 legacy for the benefit and protection of her sister Mary J. Engel, who was married at the time and still is. The testatrix had the right to impose such restrictions and conditions on the estate she disposed of as she saw fit, provided they were not in

violation of any rule of law or statute; and to hand this fund over to Mary J. Engel as her absolute property, when testatrix directs that it shall not be liable for her debts, engagements or contracts, would be not only defeating the plain intent of the testatrix, but would be a violation of the well recognized rule referred to prohibiting the merger of the equitable and legal estates. ......Since the purposes of the trust can be accomplished in but one way, namely, by the maintenance of it during the lifetime of Mrs. Engel, it cannot be said that its object has been accomplished because the life beneficiary is also the owner of the remainder and is able to manage her own affairs."

Decree affirmed at cost of appellant.