# Johnson et al. v. Provident Trust Co. of Philadelphia, Appellant.

*Trusts and trustees—Parties—Right of all parties in interest to terminate a trust—Vested interests—Divestiture of interests—Contingent interests.*

1. The rule that all the parties who are or may be interested in trust property may procure its determination, though the trust may not have ceased by expiration of time, and all its purposes may not have been accomplished, applies only where the combined interests of those who are consenting to the determination of the trust are equivalent to an absolute title, which cannot be defeated or divested by the happening of any future event.

2. This rule is but a restatement, in a slightly modified form, of the principle that he who has the absolute ownership of a thing, cannot be deprived of any of the legal incidents which are an integral part of that ownership.

3. It is not sufficient that only those who have vested interests should consent to the determination of a trust, if these interests may be divested on any stated contingency; in that event those who would take on the happening of that contingency must also consent, or the application will be dismissed.

4. Doubted, but not decided, whether unconstitutionality would not result from any other conclusion.

5. Harrar's Est., 244 Pa. 52, explained.

Argued March 24, 1924. Appeals, Nos. 286 and 287, Jan. T., 1924, by defendant, from decrees of C. P. No. 2, Phila. Co., June T., 1923, Nos. 3682 and 3683, in cases of Eldridge R. Johnson and Eldridge Johnson MacEwan v. Provident Trust Co. of Philadelphia, and Eldridge

Johnson and George Fenimore MacEwan v. Provident Trust Co. of Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bills to terminate trusts. Before GORDON, J.
The opinion of the Supreme Court states the facts.
Decrees for plaintiffs. Defendant appealed.

*Errors assigned* were decrees, quoting them.

*J. Charles Murtagh,* with him *Townsend, Elliott & Munson,* for appellant.—All the parties who are or who may be interested in the trusts have not consented and agreed to the termination thereof: Stafford's Est., 258 Pa. 595; Buch's Est., 278 Pa. 185; Stewart's Est., 253 Pa. 277; Lewis's Est., 231 Pa. 61.

The trust deeds contain what are known as spendthrift clauses and none of the beneficiaries thereunder can consent to a revocation: Morgan's Est., 223 Pa. 228; Minnich's Est., 206 Pa. 405; Fry v. Trust Co., 207 Pa. 640; Moser's Est., 270 Pa. 217.

The trust deeds cannot be revoked by the grantor as they are in express terms declared to be irrevocable: Wilson v. Anderson, 186 Pa. 531; Potter v. Ins. Trust, etc., Co., 199 Pa. 360.

*Henry Spalding,* with him *Edward W. Fell,* for appellees.—The courts have uniformly held that remainder-men having vested interests, or interests subject to be divested, are "all the parties in interest" in a trust, and they have never hesitated to terminate trusts because there are contingent interests, not before the court: Culbertson's App., 76 Pa. 145; Sharpless's Est., 151 Pa. 214; Woodburn's Est., 151 Pa. 586; Harrar's Est., 244 Pa. 542; Wood's Est., 261 Pa. 480; Brookes' Est., 214 Pa. 46; Stafford's Est., 258 Pa. 595; Behringer's Est., 265 Pa. 111; Clermontel's Est., 17 Pa. Dist. R. 25.

The interest of MacEwan is vested, and that of his children purely contingent: Safe Deposit Co. v. Wood, 201 Pa. 420; Long's Est., 228 Pa. 594; Rau's Est., 254 Pa. 464; McCauley's Est., 257 Pa. 377; Groninger's Est., 268 Pa. 184; Long's Est., 270 Pa. 480.

The existence of the spendthrift clause does not prevent a termination: Morgan's Est., 223 Pa. 228; Dodson v. Ball, 60 Pa. 492; Yarnall's App., 70 Pa. 335; Bristor v. Tasker, 135 Pa. 110; Rea v. Trust Co., 16 W. N. C. 48; Bruntrager's Est., 2 Dist. & Co. R. 747.

The existence of the clause preventing revocation does not prevent the termination of the trust: Sturgeon v. Stevens, 186 Pa. 350; Gingrich's App., 1 Monaghan 301; Harrar's Est., 244 Pa. 542.


OPINION BY MR. JUSTICE SIMPSON, April 14, 1924:

The court below, in separate decrees, adjudged that two several trusts had terminated; the facts in the two cases are exactly alike, except that the deeds specify different parties in interest. A quotation from one of them, a statement of the relevant facts, and an application of the law thereto, will, therefore, be sufficient for the purposes of both appeals.

On September 27, 1922, Eldridge R. Johnson, one of the plaintiffs, conveyed to defendant certain property upon an active spendthrift trust, expressly made irrevocable, and further providing that the net income should be paid to Eldridge Johnson MacEwan, the other plaintiff, "until he shall attain the age of thirty years, at which time said trustee shall pay over, transfer and assign the capital or principal of said trust unto said Eldridge Johnson MacEwan, absolutely, clear of all trusts. If said Eldridge Johnson MacEwan should die before he shall have attained the age of thirty years, then, and in such case, said trustee shall pay over, transfer and assign the capital or principal of said trust unto such person or persons and in such manner, shares and proportions as said Eldridge Johnson MacEwan may by

his last will and testament direct, limit and appoint; and in default of such direction, limitation and appointment, unto such child or children of said Eldridge Johnson MacEwan as he may leave living at his decease, share and share alike; and in default also of such child or children of said Eldridge Johnson MacEwan living at his decease as aforesaid, said trustee shall pay over, transfer and assign the capital or principal of said trust unto the person or persons who would have been entitled to take and receive the same if said Eldridge Johnson MacEwan had died intestate, possessed thereof absolutely and in his own right, and such distribution had been made under the then existing intestate laws of the State of Pennsylvania."

It will be noted that the settlor does not give the trust property to Eldridge Johnson MacEwan, but to the trustee; that Mr. MacEwan is to get only the income until he reaches thirty years of age, at which time, if then living, he is to receive the principal, from and through the trustee; but if he dies before he reaches that age, the principal is to be transferred to certain other distributees.

Before he was thirty years old, but after he attained his majority, he and the settlor filed the present bill in equity, seeking to have the deed of trust cancelled, and the property transferred to him, Mr. MacEwan, absolutely. The theory upon which this alleged right was claimed, and which the court below sustained, was that because Mr. MacEwan had a vested interest in the property conveyed to the trustee, subject only to be divested in case he died before reaching the age of thirty years, he and the settlor were the only persons interested in the trust estate, within the meaning of the rule that where "all the parties who are or may be interested in trust property are in existence and sui juris," they may procure its termination "although the trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished." As we do not agree with appellees that they are the only persons "who

are or may be interested in the trust property," we need not consider the other objections made by appellant.

The rule referred to is plain in language and easily understood. The requisite of consent by "all who are or may be interested," can only mean that their combined interests must be equivalent to an absolute title, which cannot be defeated or divested by the happening of any future event. Thus viewed, the rule is but a restatement, in a slightly modified form, of the principle that he who has the absolute ownership of a thing, cannot be deprived of any of the legal incidents which are an integral part of that ownership; for instance, the grant of a fee cannot be clogged with a condition preventing or restricting alienation. It is at least gravely doubtful whether any other conclusion would be constitutional (see article I, section 1, Constitution of Pennsylvania; Wolford v. Morgenthal, 91 Pa. 30; Penna. Mutual Life Ins. Co. v. Phila., 242 Pa. 47); but this question was not argued before us, and we express no final judgment on it. Our prior opinions are clear upon the point under consideration, however, when their language is applied to and limited by the facts of the particular cases, as, of course, it must be; and hence we will first review, in chronological order, those relied on by appellees, except that we will consider Harrar's Est., 244 Pa. 542, last, since evidently it is the authority which misled the court below.

In Sharpless's Estate, 151 Pa. 214, testator directed that a share given to one of his nieces should be held upon an active trust, she to receive the income for life, and on her death the principal to go to her daughter. The daughter assigned her remainder interest to the mother and the trust was thereupon declared ended, because its only purpose was to protect the latter's life estate. In Woodburn's Est., 151 Pa. 586, a trust was created to secure testator's widow in her life estate; she elected to take against the will, and the effect of this being the same as if she had died, the trust was terminated. In Brooke's Est., 214 Pa. 46, the gift was of a

specific piece of real estate, upon an active trust for testator's daughter for life, remainder to her children absolutely, and in default thereof to another daughter of testator. The latter died first, intestate, leaving as her next of kin a brother and sister of the whole blood, the sister being also the first taker above specified. The only child of the first taker having died meanwhile, the trustee, with the written approval of the first taker, who was then 66 years old, and of her brother, petitioned the court for leave to sell the real estate. Objection was made by the heirs at law of the residuary devisee, who were also half-brother and half-sister of the first taker. It was held they had no standing to prevent the sale of this particular piece of property, since the interest of the remainderman was vested, and no circumstances existed by virtue of which the objectors could get it. In Stafford's Est., 258 Pa. 595, testatrix's gift was upon an active trust for her two brothers for life, remainder, as to either or both shares, to their sister, if surviving, and upon the death of the survivor of the three, to a specified charity. One of the brothers died, and the other and the sister transferred their interests to the charity. It was held that, as the only purpose of testator was to protect the corpus for the benefit of the charity, the trust would be declared ended. In Wood's Est., 261 Pa. 480, a trust for persons sui juris was declared to be terminated because, by the will, there was no limitation over, and "no ultimate purpose of any kind requiring the continuance of the trust, expressed in the will or [to be] implied from its terms, except the mere payment of the income to the cestui que trust." In Behringer's Est., 265 Pa. 111, a like conclusion was reached, because the trust was a passive one, and there was no limitation over, or other estates or interests to be protected.

It will be observed that these cases lend no color to appellees' contention, and we turn, therefore, to Harrar's Est., supra, the only remaining decision which they allege sustains the decree below. In the will con-

strued in that case, testator gave his residuary estate, upon an active trust, the income to be paid quarterly to such of his grandchildren as might be living when the payments were to be made, and the lineal descendants of any who might have died theretofore; and this course was to be regularly pursued until such time as the trustees, in the exercise of their discretion, should have sold the property; after which the principal was directed to be forthwith distributed to his then living grandchildren, and the then lineal descendants of any who had died. The court below found,—and this court approved the finding,—that the trustees had unreasonably refused to exercise their discretion, and hence directed a conveyance of the properties to the grandchildren, who would have received the proceeds if the trustees had acted reasonably, and sold the properties. The fact of unreasonableness being found, the decision was, of course, right; for, under such circumstances, the question at issue was to be determined in exactly the way it would have been had the trustees been obedient to the mandate of the will, and then converted the properties into cash. It was in the light of this finding of unreasonable delay in making the sales, that we made use of the expression, (page 546), upon which appellees build practically their entire contention, namely, "The opinion of the majority in the court below, is based upon the view that, under the provisions of the will, the interests of the grandchildren were vested at the death of testator, subject only to be divested in the event of their death before the time of distribution. If this view is correct, the decree was proper." The record shows that all the grandchildren were living at the time of distribution; hence there were no outstanding interests in the lineal descendants of any of them and the reference, in the above quotation, to grandchildren only, was strictly correct. Inasmuch as the will expressly provided that the grandchildren, if living when the time for selling arrived, should get their shares of the property absolutely, the result would have been ex-

actly the same if their prior interests had been merely contingent upon their living to that date, if indeed contingency can be predicated on such a state of facts. The court's discussion of the prior decisions dealing with vested and contingent interests was, therefore, wholly unnecessary, but may be excused, perhaps, because the question was elaborately argued, from those same cases, by counsel for appellant in that proceeding. It would have been sufficient for us to have stated simply, as the opinion finally does, that, as the time had arrived when, under the express language of the will, the grandchildren together had the entire, absolute interest in the proceeds of the property, which should then have been sold, and as they were sui juris, and all of them asked the court to direct that it should be conveyed to them jointly, the decree was necessarily right; but, in any event, it was, under those facts, in exact accord with our foregoing interpretation of the rule relied on by appellees.

Harrar's Estate has been cited by us a number of times, but never as sustaining the construction contended for by plaintiffs, and on at least two occasions an antagonistic conclusion was reached. In Stewart's Est., 253 Pa. 277, the syllabus correctly says: "The right of all the parties in interest under a will, to set aside or disregard the will, does not extend to the case of an active trust for a definite term, created by a testator for the protection of his beneficiaries, and this is particularly true where there are contingent remainders limited to the issue of legatees who may die during the pendency of a life estate." And in King v. York Trust Co., 278 Pa. 141, where a settlor,—who believed he was incompetent to properly handle his property,—conveyed it to a trustee, who was "to use the income for the support of the settlor and his wife and children, and to pay the principal to the wife and children after the death of the settlor, or to collaterals if they do not survive": it was held that the trust would not be determined upon the application of the settlor,—who, the chancellor found, had

become competent to care for the property,—although his request was joined in by his wife and children, and by the collateral, who would then have taken the principal, if the settlor and his wife and children had been dead.

Because of variant facts, there are, of course, apparent exceptions to the rule we have been considering, but none of them concerns us here. Those who are curious will find many of such recent authorities reviewed in Stafford's Estate, supra, in an opinion written by the present Chief Justice; those of still later date yield nothing new on the subject.

The decrees of the court below are reversed, and the bills in equity are dismissed, at the cost of the respective plaintiffs.