## Cook's Estate.

*Spendthrift trusts—Termination of—Bequest by deceased remainderman to equitable life-tenant.*

A spendthrift trust for life may not be terminated in favor of the equitable life-tenant by a bequest to him of the remainder by the deceased remainderman.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1919, No. 422.

*Henry B. Coxe, Jr.,* for exceptants; *Otto R. Heiligman,* contra.

GEST, J., April 24, 1925.—The testator directed his trustee to pay the income to his sister, Anna, for the term of her life, and further provided that if the income should not be sufficient for her support and maintenance, the trustee might, in his discretion, use any part or all of the principal for that purpose, adding that "said income or principal shall not in any way be liable for her debts or the debts of her present or any future husband." And upon the death of Anna, the testator directed his trustee to pay over the principal, or so much thereof as might remain, to his niece, Alice, the daughter of Anna, the life-tenant. Alice died, leaving a will, by which she devised her estate to her mother, Anna, now a widow, who claimed at the audit that the trust should be terminated in her favor, inasmuch as she is entitled to both the life estate and the remainder interest. The Auditing Judge, however, held that, on the authority of Moore's Estate, 198 Pa. 611, this could not be done, on account of the direction in the will exempting the estate from liability for the debts of the life-tenant.

The Auditing Judge was clearly right. As Judge Penrose said in Moore's Estate, whose adjudication was approved by the Supreme Court, "when two estates meet, merger will not be permitted if the purposes of the creation of one of them require that they should remain distinct." This is certainly the case here, as the obvious purpose of the testator in creating the trust of the life estate for the benefit of Anna was to provide for her maintenance, free from liability for her debts and with a power in the trustee to use part or all of the principal for that purpose, in his discretion.

It is true that in Moore's Estate there were also contingent interests that required protection, but the principle therein stated has been frequently

applied to cases practically the same as the present. We shall only refer to Porter's Estate, 21 Dist. R. 330, Malatesta's Estate, 29 Dist. R. 113, and Young's Estate, 28 Dist. R. 869, in this court, where the decisions of the Supreme Court are collected, to which we add the recent case of Johnson *v.* Provident Trust Co., 280 Pa. 255. Bruntrager's Estate, 2 D. & C. 747, cited by the learned counsel for the exceptant, is clearly distinguished by the Auditing Judge. There the entire trust collapsed on account of the invalidity of the direction to accumulate, and there was nothing left on which the spendthrift clause could take effect.

In this case the trust was for a legal purpose, and, moreover, the remainderman is only given what should be left after the purpose of the trust, that is, the maintenance of Anna during her life, should have been accomplished. The gift of the remainder to Alice was merely to prevent an intestacy of the ents of the estate at her mother's death.

e exceptions are dismissed and the adjudication is confirmed absolutely. AMORELLE, P. J., did not sit.