Harrison's Estate.

Argued April 22, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Francis Shunk Brown,* of *Brown & Williams,* with him *James S. Farnum,* for appellant.

*Henry S. Drinker, Jr.,* for residuary legatee.

*C. Brewster Rhoads,* with him *John F. Headly* and *Montgomery & McCracken,* for trustee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

The sole question before us is whether a spendthrift trust, with remainder to the University of Pennsylvania for scientific and charitable purposes, may be terminated by awarding to the cestui que trust a lump sum representing the value of her life estate, and by distributing the balance of the corpus to the remainderman, under the Act of April 14, 1931, P. L. 29. The act provides that where all parties in interest in a trust that has a vested remainder to a charitable, literary, scientific or religious body agree that it shall be terminated upon mutually satisfactory terms, or where the interest of beneficiaries has been donated to, or otherwise acquired by, such remainderman, the court may direct that the trust be ended in whole or in part. The court below held it inapplicable.

The creation of a spendthrift trust has long been recognized in this jurisdiction as a valid disposition of property: *Ashhurst's App.,* 77 Pa. 464; *Moser's Est.,* 270 Pa. 217. These trusts are, by their peculiar nature, not terminable by the cestui que trust whose wastefulness, infirmity or inexperience are the reasons for their creation: *Moser's Est.,* supra; *Minnich's Est.,* 206 Pa. 405; *Rehr v. Fidelity-Phila. Tr. Co.,* 310 Pa. 301. Here appellant, the life beneficiary, seeks to terminate a trust under which she is to receive payments sufficient for her maintenance and by which she is protected from creditors and her own improvidence. This is in violation of testator's expressed intention and of his right to dispose

of his property as he sees fit. Such dispositive power is a property right entitled to the full protection of our laws: *Morgan's Est. (No. 1)*, 223 Pa. 228; *Baughman's Est.*, 281 Pa. 23; *Holbrook's Est.*, 213 Pa. 93.

Appellant contends that the Act of 1931 is broad enough to bring within its scope all trust estates, and abrogates the decisional law as to spendthrift trusts. Without discussing the many reasons that may be urged against such a contention, the one here urged to support it is based on our conclusion that the Act of April 18, 1853, P. L. 503, prohibiting accumulations, was held in *Eberly's App.*, 110 Pa. 95, to apply to spendthrift trusts and as the Act of 1931 amends this act, it must also be applicable to them. But the provision for the termination of trusts was not included in the Act of 1853. The Act of 1931 is not a readoption of the previous statute within the purview of that rule of statutory construction. The provision against accumulations is an entirely distinct matter, supplementing the long-established policy of our common law against accumulations and perpetuities, and is to be liberally construed.

The recognition of a testator's right to protect his heirs from a presumed incapacity to manage inheritances is, on the other hand, a definite policy of the common law. It can only be abrogated, if at all, by nothing less than express, definite and positive enactment. In so far as the Act of 1931 is in derogation of the common law, it must be strictly construed to effect only so much change in the prior law as is necessarily required: *Davidson v. Bright*, 267 Pa. 580. Here there is no express, definite and positive statutory provision, and a construction enabling the beneficiaries to terminate a spendthrift trust would result, in many instances, as in the present case, in a destruction of the very essentials of such a valid testamentary disposition of property. It cannot be adopted by a mere presumption of legislative intent. See *Central Lith. Co. v. Eatmor Choc. Co. (No. 1)*, 316

Pa. 300; *Davidson v. Bright,* supra; *Endlich, Interpretation of Statutes,* sections 127, 128.

There is nothing in the act to bring spendthrift trusts within this provision, especially since it would effect a result which the creator of the trust emphatically desired to prevent.

Decree affirmed at appellant's cost.