## Kamerly Estate.

Argued November 24, 1943. Before MAXEY, C. J., DREW, LINN, STERN and PATTERSON, JJ.

*Raymond M. Remick,* with him *Percival H. Granger* and *Robert W. Archibald, Jr.,* for appellant.

*John V. Espenshade,* with him *Howard McMorris,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

These appeals by Frances Stokes Kamerly are from decrees of the court below dismissing her petitions to terminate a testamentary trust. Appellant contends that (1) the trust violates the rule against perpetuities, and (2) no purpose exists for its continuation.

Edwin F. Kamerly, Jr., died June 21, 1927, and by his will directed the establishment of a trust, the income "to go equally to my daughter, Frances S. Kamerly, and my son, H. Stokes Kamerly." He further provided that in the event of the death of either of his children without issue the survivor should receive all of the income. In the event that both children should die without issue "the income shall then go to my father and mother, and when both are dead, to my brothers and sisters or their issues." Testator's father and mother both died within fifteen months after his death. His brother, James C. Kamerly, is still living; his sister, Mary Wagner, has died, leaving an only child, Lois. Katherine Dodson, a sister, is still living. All had notice of the proceedings

for termination of the trust. Consents and agreements to the same were executed by Lois Wagner and appellant's brother, Henry Stokes Kamerly. The brother's interest has been assigned to appellant, and her interest reassigned to the Germantown Trust Company as security for certain loans. Appellant requested trustees, Frances Stokes Kamerly and the Germantown Trust Company, to file an account in order that she may petition for termination of the trust. This appeal is from the refusal of the court below to determine said trust.

Supporting estates valid in themselves will be stricken down only where they form a series of limitations and are a part of "such an integrated testamentary scheme that they cannot be separated from one another without defeating the organic plan of the testator": *Quigley's Estate,* 329 Pa. 281, 289. There is clearly no such scheme in the will before us. The gifts of income to appellant and her brother, as well as the alternate gifts to testator's living brother and sister are valid life estates. These must be preserved.

In stating the law controlling the termination of trusts this Court said, in *Bowers' Trust Estate,* 346 Pa. 85, 87; "If all the parties who are or may be beneficially interested in a trust are in existence and sui juris, if there is no ultimate purpose of any kind requiring its continuance, and if all the beneficiaries consent, a court of equity will decree its termination; of course, if there are contingent remaindermen not in existence or not ascertained, the trust cannot be terminated since it is then impossible to obtain the consent of all possible interests." Those in whom the beneficial interest may become vested upon the happening of a contingency must join in or consent to the application for the termination of the trust. See *Johnson v. Provident Trust Co. of Philadelphia,* 280 Pa. 255, 261-62. The court below correctly applied these principles when it said: "In the instant case, if the testator's children should die without leaving issue surviving, his brother, James C. Kamerly,

and his sister, Katherine Dodson, who are still living, would be entitled to the income from the trust fund for their lives. Even if the gifts to the issue of testator's children should be held to be invalid by reason of . . . transgressing the rule against perpetuities, the alternative gift to testator's living brother and sister would have to be upheld: *Whitman's Estate*, 248 Pa. 285 (1915)." Under the circumstances here presented, a determination of the ultimate disposition of principal is premature.

The decrees of the court below are affirmed. Costs to be paid by appellant.