## Heyl Estate.

408

Argued May 23, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert T. McCracken,* for appellant.

*William N. Trinkle,* with him *Frank F. Truscott,* of *Truscott, Trinkle & Wright,* for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1945:

By his last will and testament, as amended by two codicils, George A. Heyl, who died in 1926, created a spendthrift trust of the income of his residuary estate for the benefit of his two daughters, Kate Heyl Peace and Matilda Heyl Jackson; each to receive one-half of the income during her lifetime. On December 29, 1930, Mrs.

Peace, one of the beneficiaries, wrote to the surviving trustee, Girard Trust Company, that if it would use a portion of the corpus of the trust to build a home for her, she would agree that her share of the income should be charged with interest on the total amount paid for the property, together with the taxes, insurance and repairs. She also said in this letter that if she should vacate the house, this arrangement should continue "so that the income of this Estate shall not suffer by reason of this investment." Upon the faith of this promise, the trustee accepted her proposition and purchased two and one-half acres of land in Haverford and had erected thereon a dwelling house at a total cost of $36,518.36 which amount it carries on its books as an investment of the trust in real estate, which is permitted by the will.

Mrs. Peace moved into the property and faithfully kept the agreement during her occupancy of nearly twelve years. Then because she could not afford to live there longer, because her income was reduced by a shrinkage in the trust earnings, in September 1942, she vacated and surrendered the premises to the trustee. On December 3, 1942, she wrote the trustee that inasmuch as the trust created by her father was a spendthrift one, she had the right to repudiate her agreement of December 29, 1930, and that she did so, and would expect in the future to receive a full one-half share of the trust income, without any deduction whatever. The trustee having refused to recognize her asserted right, she filed a petition for a citation on the trustee to show cause why it should not be compelled to do so. After the trustee had filed an answer, the learned orphans' court referred the matter to the auditing judge for decision, in conjunction with the audit of the second account of the trustee. The auditing judge sustained the contention of Mrs. Peace, and the court en banc, after argument, dismissed exceptions filed by her sister, Mrs. Jackson, the other beneficiary. On appeal by Mrs. Jackson the Superior Court affirmed the action of the court below whereupon she took this appeal.

Neither beneficiary questions the propriety of the purchase of the real estate as an investment of the trust, nor do they claim a surcharge against the trustee because of the deductions made from the income of Mrs. Peace prior to her vacation and surrender of the property. Mrs. Jackson is the sole appellant and her effort is to compel her sister to bear the whole of the loss resulting from her failure to keep her agreement. If such cannot be done Mrs. Jackson must bear half of any such loss sustained. The question before us is whether Mrs. Peace was within her legal rights in terminating her agreement. With the moral question of fair dealing we have nothing to do.

This clearly is a spendthrift trust. The will specifically provides: "I direct that all payments of income to each and every of the beneficiaries hereinbefore named, shall be made to them directly, without the power of anticipation or assignment by them and so that the same shall not be subject to any judgment, decree, attachment, execution, or other process of any court, but the same shall only become and be the property of the beneficiary when actually received by him or her and the trustees shall only be discharged of the same upon the own proper receipt of the beneficiary."

The testator clearly provided that all payments of income to the beneficiaries shall be made to them "without the power of anticipation or assignment." The arrangement made by the trustee with Mrs. Peace, as to the payment of interest and other charges on this real estate investment, clearly was an attempt to presently assign her future income under the trust to the trustee. Such transaction was in manifest breach of the trust provisions, and, therefore, was illegal, void and unenforceable ab initio. It required no repudiation of the agreement by Mrs. Peace, for she had no control over the income until it was actually paid to her. Testator most explicitly provided not only that the net income shall be paid to the beneficiary directly and personally

and upon his or her own personal receipt, but also that such income "shall only become and be the property of the beneficiary when actually received by him or her, and the trustees shall only be discharged of the same, upon the own proper receipt of the beneficiary." Under such circumstances, the trust income remains the property of the testator until it is actually paid to the beneficiary: *Fox's Estate*, 264 Pa. 478, 107 A. 863.

It is well settled in this Commonwealth, as was said by this Court in *Morgan's Estate (No. 1)*, 223 Pa. 228, 230, 72 A. 498: "The law rests its protection of what is known as a spendthrift trust fundamentally on the principle of cujus est dare, ejus est disponere. It allows the donor to condition his bounty as suits himself, so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust; and to deprive him of it would be a fraud on his generosity. For the law to appropriate a gift to a person not intended would be an invasion of the donor's private dominion: *Holdship v. Patterson*, 7 Watts, 547 . . . We repeat, spendthrift trusts are allowed not because the law concerns itself for the donee; he may conserve or dissipate as he pleases; the law's only concern is to give effect to the will of the donor as he has expressed it." See *Riverside Tr. Co. v. Twitchell*, 342 Pa. 558, 561, 20 A. 2d 768. The law will see to it that his wishes and directions are observed. Furthermore, a beneficiary of such a trust is without power to terminate it, or to modify or ameliorate its restrictions by agreement with the trustee: *Miller's Estate*, 333 Pa. 116, 3 A. 2d 370.

The fact the income of appellant, co-beneficiary of the trust, is reduced because the arrangement of the trustee with Mrs. Peace is unenforceable, cannot in any way justify the trustee in violating the terms of the spendthrift trust. She definitely refused to ask for a surcharge.

Judgment affirmed at the costs of the trust estate.