## Bosler Estate.

Argued June 1, 1954. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*E. M. Biddle, Jr.,* for appellant.

*Samuel L. Sagendorph,* with him *Roland Fleer* and *Harold S. Irwin,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, June 28, 1954:

Newton L. Bosler petitioned the court to decree the termination of a trust under which he was the beneficiary of a life interest with a spendthrift restriction.

Petitioner's mother, Sarah E. Bosler, died in 1916 leaving a will in which she gave her estate to her six children in equal shares. In the case, however, of three of them—two daughters and the petitioner—she created a trust as to a portion of their shares, leaving to each such daughter the income of a fund of $10,000 for life subject to a spendthrift trust, and to the petitioner the income of a fund of $20,000 for life, likewise subject to a spendthrift trust. Upon the death of each of these three children the principal was to go to his or her issue; in default of issue then living each child was to have a general power to appoint the

remainder by will; in default of both issue and the exercise of such general power of appointment the remainder was given to decedent's other descendants then living.

There was a clause in decedent's will as follows: "I have made these three bequests in trust, not from any lack of confidence in or affection for my said two daughters and son, but in order that I may feel that I have made provision for them which will assure to each one of them a support throughout his or her whole life, under any circumstances, and for the comfort that I will personally derive from such knowledge."

We are not here concerned with the trust in favor of the two daughters but only with that of petitioner. He is 65 years of age. He seeks termination of the trust on the ground that he has never had any issue and is incapable of having any, and he contends that because of his general power of appointment coupled with his life interest he has what is tantamount to an estate in fee and is therefore the only person having an interest in the trust. He presented testimony to the effect that he is a civilian employee of the United States Navy earning between $150 and $160 per month, that by reason of his age he is likely soon to be retired with a probability of not being able then to obtain other employment, and that because, on the one hand, of the shrinkage in the returns from the investments in the trust fund and, on the other, of the rise in living costs, he faces the prospect of inability to support himself and his wife in any degree of comfort. The present annual income from the trust after payment of the trustee's commission and the Pennsylvania Personal Property Tax is approximately $660.

The court below came to the conclusion that it could give partial relief to the petitioner, and accordingly it made an order on the Trustee to pay to petitioner the

sum of $1200 out of the corpus immediately to meet present emergencies, and, in addition to the annual income, the sum of $100 quarterly, also out of corpus. From the court's decree this appeal has been taken by the Farmers Trust Company, Trustee of the trust.

In view of our conclusion on another aspect of the case we shall not discuss the question of petitioner's claim that he is incapable of having children nor his contention that he has, under the trust, what is tantamount to a fee, although it may incidentally be noted that a life estate under a spendthrift trust will not coalesce or merge with an estate in remainder: *Moser's Estate*, 270 Pa. 217, 113 A. 199.

The principles of equity jurisprudence applicable to petitions to terminate trusts have been so often defined by this Court as to render extended discussion of the subject wholly unnecessary. If all the parties who are or may be beneficially interested in a trust are in existence and sui juris, if there is no ultimate purpose of any kind requiring the continuance of the trust, and if all the beneficiaries consent, a court of equity may decree its termination: *Culbertson's Appeal*, 76 Pa. 145, 148; *Harrar's Estate*, 244 Pa. 542, 548, 549, 91 A. 503, 505; *Stafford's Estate*, 258 Pa. 595, 598, 599, 102 A. 222, 223; *Wood's Estate*, 261 Pa. 480, 483, 104 A. 673; *Bowers' Trust Estate*, 346 Pa. 85, 87, 29 A. 2d 519, 520; Restatement, Trusts, §337.[1] But if the purpose of the settlor in establishing the trust has

---

[1] Of course, if there are contingent remaindermen not in existence or not ascertained, the trust cannot be terminated since it is then impossible to obtain the consent of all possible interests: *Johnson v. Provident Trust Company of Philadelphia*, 280 Pa. 255, 124 A. 436; *Donnan's Trust Estate*, 339 Pa. 43, 13 A. 2d 55; *Bowers' Trust Estate*, 346 Pa. 85, 87, 29 A. 2d 519, 520; *Rickenbach Estate*, 348 Pa. 121, 128, 129, 34 A. 2d 527, 531; *Kamerly Estate*, 348 Pa. 225, 35 A. 2d 258.

not been fully accomplished, and if the settlor is deceased and therefore incapable of consenting, the trust cannot be terminated even though all the beneficiaries desire that it should be: *Bowers' Trust Estate*, 346 Pa. 85, 87, 88, 29 A. 2d 519, 520, and cases there cited.

Here the settlor *is* deceased and the question therefore is whether her purpose in establishing the trust *has* been fully accomplished. Petitioner contends that because of the statement in her will, hereinbefore quoted, to the effect that her object was to make provision for petitioner and the two daughters which would assure to each of them a support throughout his or her whole life and for the comfort that she would personally derive from such knowledge, her purpose would be defeated if the order of the court below were not sustained, since the income from the trust was not adequate to render the support which the testatrix had in contemplation. Obviously, however, it would be a matter of pure speculation as to whether—whatever the change of conditions since her death—she would now want part of the corpus of the trust turned over to the petitioner, involving, as it would, the pro tanto depletion of the fund from which the income was to be derived and with the future payments ordered out of corpus made available to the claims of creditors and assignees because not subject to the spendthrift trust provision. Since she must have realized that changes might occur both in the amount of the income from the trust and in the varying circumstances of petitioner's life it would have been easy for her, had she so intended, to authorize the trustee in its discretion to advance portions of the corpus to petitioner if conditions at any time so dictated.

The cases are adamant in holding that where the life interest is limited by a spendthrift provision the trust cannot be terminated by the court: *Dodson v.*

*Ball,* 60 Pa. 492, 496; *Shower's Estate,* 211 Pa. 297, 60 A. 789; *Moser's Estate,* 270 Pa. 217, 113 A. 199; *Baughman's Estate,* 281 Pa. 23, 39, 126 A. 58, 64; *Rehr v. Fidelity-Philadelphia Trust Company,* 310 Pa. 301, 304, 305, 165 A. 380, 381; *Harrison's Estate,* 322 Pa. 532, 185 A. 766; *Bowers' Trust Estate,* 346 Pa. 85, 88, 29 A. 2d 519, 520; *Heyl Estate,* 352 Pa. 407, 411, 43 A. 2d 130, 131, 132; Restatement, Trusts, §337, comment 1. Certainly there is no appellate authority which holds that a partial reduction in the income of a spendthrift trust constitutes such a failure of the purpose of the trust as to warrant its termination by judicial decree. The principle upon which the cases rest is the protection of the settlor irrespective of the welfare or interests of the beneficiary. It was said in *Morgan's Estate (No. 1),* 223 Pa. 228, 230, 231, 72 A. 498, 499: "It is always to be remembered that consideration for the beneficiary does not even in the remotest way enter into the policy of the law; it has regard solely to the rights of the donor. Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone. They allow the donor to so control his bounty, through the creation of the trust, that it may be exempt from liability for the donee's debts, not because the law is concerned to keep the donee from wasting it, but because it is concerned to protect the donor's right of property. . . . We repeat, spendthrift trusts are allowed not because the law concerns itself for the donee; he may conserve or dissipate as he pleases; the law's only concern is to give effect to the will of the donor as he has expressed it." So also *Heyl Estate,* 352 Pa. 407, 411, 43 A. 2d 130, 131, 132; *Borsch Estate,* 362 Pa. 581, 587, 588, 67 A. 2d 119, 122.

In short, *if the settlor is alive,* as was the case in *Bowers' Trust Estate,* 346 Pa. 85, 29 A. 2d 519, and

concurs with all the parties in interest in the trust that it be modified or terminated, the existence of a spendthrift trust provision would not prevent such termination: Restatement, Trusts, §338 (1). But if, as stated in that case, the settlor be deceased and therefore incapable of consenting, such a trust cannot be terminated even though all the beneficiaries desire that it should be. See Restatement, Trusts, §338, comment a.

While the order made by the court below is undoubtedly well intentioned for the purpose of affording some relief to the petitioner's anxieties, it constitutes a modification of the terms of the trust that cannot, in the absence of statutory authorization, be sustained.[2]

The decree is reversed and the petition dismissed.

---

[2] The Estates Act of April 24, 1947, P. L. 100, Section 2(a), authorizes the court having jurisdiction of a trust to terminate it, in its discretion, in whole or in part, or make an allowance from principal to an income beneficiary, regardless of any spendthrift or similar provision therein, provided the court is satisfied that the original purpose of the settlor cannot be carried out or is impractical of fulfillment and that the termination, partial termination, or allowance more nearly approximates the intention of the settlor; distributions of principal under the authority thus given were not, however, to exceed an aggregate value of $25,000 from all trusts created by the same settlor. This act, not being retroactive (Section 21), is, of course, inapplicable to the present case.