## Scott Trust

*Roland Fleer* and *Greenwell & Porter*, for accountant.

TAXIS, P. J., June 20, 1955.—The account of Girard Trust Corn Exchange Bank, formerly known as Girard Trust Company, trustee under deed of trust dated March 30, 1931, was examined and audited by the court on February 7, 1955. The trustee's account was filed to enable Edith Graham Scott, settlor-life beneficiary, to petition this court to terminate the trust.

Petitioner, on March 30, 1931, transferred certain assets to the Girard Trust Company as trustee under a deed of trust providing:

"FIRST: To hold said securities, to collect the income therefrom, and after the payment of all proper costs and charges to pay over the net income quarterly to Grantor during her life. and upon the death of Grantor to pay the income quarterly to Grantor's children, Elizabeth Scott Clark and Dallas Sanders Scott, in equal shares, during their respective lives, and upon the death of either the said Elizabeth Scott Clark or Dallas Sanders Scott leaving issue her or him surviving to assign, transfer and pay over the respective shares of principal to such issue in equal shares, per stirpes and not per capita; and if either the said Elizabeth Scott Clark or Dallas Sanders Scott shall die leaving no issue her or him surviving, then to pay the income to the survivor for life, and upon the death of the survivor to assign, transfer and pay over the

principal to her or his issue as above provided, per stirpes and not per capita, and if no issue survive, then to her or his heirs-at-law as such heirs shall be constituted at the time fixed for distribution."

The trust is irrevocable, contains no spendthrift clause and gives the trustees no right to expend or disburse principal for settlor's comfort and support. The corpus consists of 1970 units of diversified trust fund A amounting to $18,755.88.

Petitioner prays that the trust be terminated and avers that: (1) She is 83 years of age and the income from the trust, $992 per year, together with petitioner's other assets, $700 annual Spanish American war pension, are wholly inadequate to maintain her; (2) she has been confined to her bed as the result of a severe illness arising out of two cerebral hemorrhages. As a consequence, she is required to have a day and night nurse, to have the frequent attendance of the family physician and to purchase expensive drugs and medicine; (3) the trustee and all parties in interest having a possible interest in the trust are sui juris and have consented to and have joined in the prayer of the petition. They request that the principal "in the hands of the Trustee be returned to your Petitioner, if living at the time of the entry of said decree, and if not, then that it be distributed to her children, Dallas Sanders Scott and Elizabeth Scott Clark, equally".

As an interim aid, an order, dated December 31, 1954, was entered authorizing the expenditure of $125 per week out of principal for settlor's medical expenses which arose out of the settlor's dire financial need to pay such medical costs and the unavoidable delay involved in seeking termination of this trust.

From the evidence submitted at the hearing, it is apparent that the productivity of the trust has become

wholly inadequate for the needs of the beneficiary whose financial situation and physical condition have reached a point where the trust has become oppressive and is wholly frustrating the clear intention of settlor-beneficiary.

The question arises whether there is a possibility that either Dallas Sanders Scott or his sister, Elizabeth Scott Clark, might have further children born to them respectively. Dallas Sanders Scott is 46 years old and has been married for 11 years to his wife who is 50 years old. They never have had any children.

At the hearing, Dr. Isaac Sharpless testified that, in an examination of Dallas Sanders Scott, he observed evidence that he had undergone surgery that would have destroyed entirely Dallas Sanders Scott's ability to procreate.

After a careful review of all the evidence, I find that Dallas Sanders Scott is incapable of procreation. See Bosler Trust, 3 Fiduc. Rep. 635, reversed on other grounds, 378 Pa. 333 (1954).

Elizabeth Scott Clark, daughter of settlor, is 57 years of age, is now a widow and is afflicted with a severe heart ailment for the treatment of which she has been hospitalized on several occasions. At the time of the hearing, she was bedfast. Doctor Sharpless, who also has been Mrs. Clark's personal physician since 1947, testified that, aside from the fact that Mrs. Clark is not married, she "is not capable of bearing children. She is past the menopause and has recently had two severe hearts attacks, and is a semi-invalid at present". In the remote possibility she should marry and become pregnant, it would be so hazardous to her life that she would be unable to survive a full term pregnancy.

After a careful review and consideration of all the evidence, I find that Elizabeth Scott Clark is incapable

of bearing children: Macfarlan Trust, 1 Fiduc. Rep. 367 (1949) ; Kelby Estate, 80 D. & C. 1.

In these circumstances, the prayer of the petition is granted, and the trust herewith terminated in full. The Girard Trust Corn Exchange Bank as trustee is directed to return the principal of said trust to Edith Graham Scott as settlor, if living, and if not, the same shall be distributed to her children, Dallas Sanders Scott and Elizabeth Scott Clark, equally.

The accountant has requested and there is herewith allowed a commission to the accountant of five percent on principal and an attorney's fee of $960 to Greenwell and Porter and Roland Fleer.

And now, June 20, 1955, this adjudication is confirmed nisi.