## Timmins Estate

TAXIS, P. J., July 3, 1957.—. . . Margaret Eliza-
beth Timmins died on March 21, 1935, leaving a will
dated December 26, 1934, wherein the trust presently

before the court was created under paragraph fourth of her will as follows:

"In Trust, upon the death of my brother, T. Joseph Timmins and Charles J. Timmins, and my sister, Anna Marie Kelley, . . . to pay over and distribute that part of the corpus or principal of my residuary estate from which they were, respectively, theretofore entitled to the income, or would have been so entitled, unto their respective issue per stirpes and not per capita.

"As to any of the issue of my brothers and sister who are alive at the time of my death and who may be under the age of thirty-five years when otherwise entitled to receive any part of the principal of my residuary estate, the share of such issue under the age of thirty-five years shall be continued IN TRUST and the income therefrom distributed unto him or her until the attainment of the full age of thirty-five years."

Thomas J. Timmins is the son of T. Joseph Timmins who died July 27, 1956. At the time of his father's death Thomas J. Timmins was 24 years of age and had been born during the lifetime of the testatrix. As written the will would postpone the payment of principal to Thomas until he attains the age of 35 years. There is, however, no gift over if he should die before attaining that age. The direction to hold the fund is independent of the gift to him and the income is to be paid him until he reaches the prescribed age. The will contains a spendthrift trust clause.

The remainder interest of Thomas J. Timmins is vested. As there is no gift over he is the sole party in interest: Allen Estate, 347 Pa. 364. The only question which can arise is whether under section 2 of the Estates Act of April 24, 1947 P. L. 100 as amended, 20 PS §301.2, the trust for Thomas J. Timmins can be terminated although the will contains a spendthrift trust clause.

It is clear that in the absence of the spendthrift trust provision this trust would have been dry and its termination could have been effected without any legislative authority: Decker Estate, 353 Pa. 509; Zamichieli Estate, 81 D. & C. 288. Admittedly, prior to the passage of the Act of 1947, supra, the presence of such a clause would have precluded this result: Bosler Estate, 378 Pa. 333. But the Supreme Court in the Bosler case was careful to note that its decision was based upon the law before the enactment of the legislation in question. As a matter of fact, the Commissioners' Comment indicates that the 1956 amendment to section 2 was ". . . included to make it possible for the court to terminate a trust under provisions of section 2, regardless of when the trust was created. A footnote to Bosler Estate, 378 Pa. 333, at page 339, indicates that trusts may be terminated retroactively when and if there is a failure of purpose under the circumstances specified in Section 2(a), if there is statutory authorization therefor." Certainly trusts to which this is applicable can be terminated even if the instruments which create them contain spendthrift provisions. Cf. Falkner's Trust, 3 Fiduc. Rep. 495; Goward's Estate, 1 Fiduc. Rep. 93. The very purpose of the legislation would seem to have been to avoid the result reached in Bosler Estate, supra.

The trust fund to be held for Thomas J. Timmins is less than $17,000 and the income therefrom less than $700 per year. The total income which he would receive over the life of the trust will be less than $7,000. The beneficiary is now 25 years of age and there is no evidence that he is a spendthrift or likely to dissipate the fund if it be awarded to him. Under all the circumstances the trust is herewith terminated for the reason that the original purpose of testatrix is impractical of fulfillment. An award of principal is herewith made.