718

## Sproul Estate

Before Boyle, P. J., Rahauser and Wolk, JJ.

*Edmund Trent* and *Reed, Smith, Shaw & McClay,* for exceptants.

*James Arensberg* and *Patterson, Crawford, Arensberg & Dunn,* contra.

RAHAUSER, J., January 21, 1959.—The account filed by the trustee in this estate included counsel fees and expenses incident to a foreign attachment proceeding in the Court of Common Pleas of Allegheny County. The attaching creditor has excepted to these credits, averring that the allowance of such counsel fees and expenses was a matter for decision by the court of com-

mon pleas which had jurisdiction of the attachment proceeding.

Exceptant cites three statutes dealing with the right of a garnishee to counsel fees. The first of these statutes, the Act of April 22, 1863, P. L. 527, 12 PS §2999, applies: "Where . . . the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee . . . then, and in either such case, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee, out of the property in his or their hands, to be determined and taxed in case of dispute, by the court, or by some person appointed for that purpose."

Exceptant avers that this statute is not applicable to the instant case, for the reason that the garnishee did not admit that the funds in its hands were subject to the attachment. However, where the garnishees in good faith and under the advice of counsel made a defense, but the jury and court decided against them, it was held that the costs would not be imposed upon the garnishees, but they were allowed only $50 out of the funds for counsel fees: Haller v. Regar, 11 Lanc. 145.

In the light of the last cited case the garnishee in the instant case might be allowed counsel fees by the court of common pleas, although substantial counsel fees could not be awarded there on the basis of that case. This Act of April 22, 1863, P. L. 527, *does not purport to cover expressly the rights of a trustee-garnishee*, to costs and counsel fees, where it defends in good faith but has judgment entered against it.

The second of these statutes, the Act of June 11, 1885, P. L. 107, 12 PS §3000, authorizes the recovery

of a reasonable counsel fee, not exceeding $10, from plaintiff in the attachment proceeding. It has been stated that this act is applicable only where garnishee has no property belonging to defendant in its possession and it is also apparently limited to cases where no appearance is entered for garnishee: Joseph Melnick Building & Loan Association, to use, v. Melnick, 23 D. & C. 548. Exceptant concedes that this statute is not applicable to the instant case.

The third of the statutes cited by exceptant, the Act of April 29, 1891, P. L. 35, 12 PS §3001, is the one which exceptant maintains requires the matter of costs and counsel fees on the attachment to be decided by the court of common pleas. This statute reads as follows:

"Where, in any attachment, attachment execution, foreign attachment, or scire facias or foreign attachment issued out of any court of record in this state, an appearance by attorney shall be, or shall have been entered by any garnishee or garnishees therein, each said garnishee so appearing shall be entitled to recover from the plaintiff, in addition to the costs already allowed by law upon any discontinuance or other final disposition thereof, prior to answers filed, a counsel fee of at least ten dollars, *to be taxed as part of the costs, and to be determined in case of dispute by the court.*" (Italics supplied.)

It should be noted that this statute authorizes the garnishee to recover *from plaintiff* certain costs and a counsel fee, to be taxed as part of the costs. This section was designed as a supplement to the Act of April 22, 1863, P. L. 527, hereinbefore referred to, and specifically authorizes the garnishee to recover from plaintiff certain costs and a reasonable counsel fee. It does not specifically refer to collection of costs and expenses out of the fund nor does it purport to give the court of common pleas exclusive jurisdiction where a trustee-

garnishee seeks costs and counsel fees out of the trust funds in its possession. Exceptant cites Getz v. Smith, 1 Dist. R. 123, wherein the court of common pleas declined to fix the garnishee's counsel fee in the attachment proceedings where the funds in its hands exceeded plaintiff's claim, and distinguishes that case from the instant one because plaintiff's claim in the instant case exceeds the amount in the hands of the garnishee. However, the case does indicate that the counsel fees due the garnishee need not be fixed in the attachment proceeding. It should be noted that the cases are not in accord on this matter. See The Brunswick-Balke Collender Company v. Brown, 19 Phila. 455, a decision of the Court of Common Pleas No. 1 of Philadelphia County which is contrary to Getz v. Smith, supra.

To summarize, the statutes relating to the award of costs and counsel fees to a garnishee in an attachment proceeding do not specifically relate to a case in which the garnishee is a trustee. They do not provide that the costs and counsel fees incident to the attachment proceeding must be fixed by the common pleas court in the attachment proceeding and do not purport to cover all fact situations in which a trustee-garnishee may find itself. While a trustee-garnishee is entitled to the benefits of these statutes, they do not purport to restrict such a fiduciary to the remedies therein provided, and he may always look to the orphans' court to reimburse him for proper expenditures and to fix his just compensation.

The right of the trustee to indemnity for expenses is set out in A. L. I. Restatement of the Law of Trusts §244, as follows:

"Except as otherwise provided by the terms of the trust, the trustee is entitled to indemnity out of the trust estate for expenses properly incurred by him in the administration of the trust."

The duty of the trustee to defend actions is well set forth in A. L. I. Restatement of the Law of Trusts §178, as follows:

"The trustee is under a duty to the beneficiary to defend actions which may result in a loss to the trust estate, unless under all the circumstances it is reasonable not to make such defense."

Comment "a" to said §178 reads as follows:

"a. *Duty to Appeal.* If an action is brought by a third person against the trustee and the trustee loses, he is under a duty to the beneficiary to appeal to a higher court, if under all the circumstances it is unreasonable not to appeal."

The error of exceptant lies in his attempt to treat the trustee like any other garnishee. The Supreme Court of Pennsylvania took a contrary view in Kutz v. Nolan, 224 Pa. 262, 265, where it said:

"A garnishee who is *a trustee under a valid deed of trust is not a mere stakeholder,* nor simply a debtor or one who has in his possession the property of the defendant. He has possession of the property by virtue of his legal title thereto. He is charged with active duties with regard to it and is responsible not only to the defendant, but to the other beneficiaries named in the deed of trust. It is, therefore, incumbent upon him to preserve and protect the property for all the beneficiaries and to administer it strictly in compliance with the terms of the trust. Failing to perform this duty he is liable for any injury sustained by any person beneficially interested. The cestui que trust cannot revoke the trust nor withdraw the estate from the hands of the trustee contrary to the provision of his deed. A bona fide creditor of the cestui que trust, enforcing payment of a valid judgment, may subject the trust estate to the payment of his debt; but this he can only do by due process of law. If the trustee

fails to compel the creditor to proceed in a regular and legal way to enforce his claim against the estate, he is liable to the interested parties who have been injured by his negligent conduct. The failure of the trustee in this respect subjects him to the same consequences as if he permit the estate to be dissipated or lost in any other illegal way or by any other illegal means. Nor will the consent or acquiescence of the cestui que trust or defendant in the judgment relieve the trustee from the performance of his duty to protect the trust estate against the irregular or illegal acts of an execution creditor."

Furthermore the law will seek to carry out the wishes of the donor of the trust: Heyl Estate, 352 Pa. 407, 411. The trustee has a duty to protect not only the cesqui que trust, but also the right of the donor to have his will carried out.

The case before the court involves not only an attachment, but it also involves the administration of a testamentary trust. The orphans' court has exclusive jurisdiction of the administration of the distribution of the real and personal property of testamentary trusts, regardless of when they were created, under the provisions of section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301.

Likewise under subsection "6" of the said section 301 of the Orphans' Court Act of 1951, the orphans' court has exclusive jurisdiction over the settlement of accounts of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts of which the court has jurisdiction.

The only statement of a Pennsylvania court which we have been able to find dealing with the proper tribunal to fix counsel fees for a fiduciary (administrator) who defends unsuccessfully against an attachment of funds of an estate in his hands was made in

Milne v. Bucknor, 12 W. N. C. 532, where the Court of Common Pleas No. 2 of Philadelphia County indicated under such circumstances the fiduciary must apply to the orphans' court for an allowance of counsel fees and that the court of common pleas cannot allow them. The court said at page 533:

"The question is whether the administrator is to be paid out of the fund attached, or to be allowed to claim credit for these items in his account in the Orphans' Court. While this Court would undoubtedly be better able to decide as to the reasonableness, etc., of the charges, the question of whether the administrator did wisely in resisting the claims, and involving the estate in litigation, belongs to the Orphans' Court, and in that matter our decision would not bind them."

Under the statutes relating to the orphans' court cited above, and the cases of Kutz v. Nolan and Milne v. Bucknor, it seems clear that the orphans' court has jurisdiction to fix the counsel fees and expenses of the trustee. Of course such fees and expenses must be reasonable under the circumstances, and plaintiff in the attachment proceedings has a right to be heard on these matters in the orphans' court.

Plaintiff in the attachment proceeding, who is exceptant in the present proceeding, takes the position that the work done by the trustee-garnishee was not warranted, and cites rule 1268 of the Pennsylvania Rules of Civil Procedure in support of this contention. This rule reads as follows:

"(a) If the garnishee forwards copies to the defendant as provided in Rule 1267, he shall be under *no duty to resist the attachment* or defend the action *in any manner* but may, prior to judgment against the defendant, resist the attachment by preliminary objections. (Italics supplied).

"(b) The defense of immunity or exemption of the property from attachment and the defense that no property of the defendant was in the possession of the garnishee at the time of service of the attachment may be pleaded by the garnishee by preliminary objection but are not waived if not so pleaded."

However exceptant also quotes 2 Goodrich-Amram, Standard Pa. Practice §1268(a)-1, et seq., to the effect that the exoneration of the garnishee as provided for under said rule 1268 does not authorize the garnishee to ignore an immunity and exemption and to turn over immune or exempt property with impunity.

The trustee, being a special type of garnishee, as recognized in Kutz v. Nolan, and in Goodrich-Amram's textbook on Pennsylvania Procedural Rules, had a duty both to testatrix and the cestui que trust to defend the trust funds in dispute, and having performed this duty is entitled to the payment of its reasonable expenses, including attorney's fees. We understand that exceptant does not question the amount of these fees for the services performed, but challenges only the right of the trustee to subject the trust fund to such fees and expenses. In view of the fact that the attachment involved a fund of at least $39,627.24, and that it went to the Supreme Court for ultimate decision, the counsel fee of $1,000 and $186.17 for telephone calls, filing fees and printing bills are reasonable and the exceptions to the credit taken for payment of these amounts by the trustee in its account will accordingly be dismissed.

It would appear that exceptant is only entitled to receive the balance in the hands of the trustee after the trustee's account has been audited and confirmed or modified. Litigation incident to the audit may give rise to expenses to the trustee for which it should be compensated. Under these circumstances the auditing

judge properly exercised his discretion in suspending distribution of $1,500 for further expenses and costs of administration. The exception to this item in the decree of distribution will therefore be dismissed.

## Decree

And now, to wit, January 21, 1959, the exceptions filed November 25, 1958, to the decree of distribution entered November 20, 1958, in the above entitled estate, having come before the court en banc and after consideration of the same, it is ordered, adjudged and decreed that the same be dismissed.