## TESTAMENTARY GUARDIANS OF MINORS.

Court of Appeals for Holmes County.

HENICLE, ADMINISTRATRIX, v. FLACK, GUARDIAN.

Decided, October 29, 1914.

*Guardianship—Designation of Person in Will—Section* 10930, *General
  Code—Appointment by Probate Court Necessary, When—Sections
  10492 and 10931, General Code—Estates—Minors.*

A testamentary guardian of a minor, named by will, pursuant to the
  provisions of Section 10930, General Code, is without authority to
  act as such guardian until he has been appointed guardian by the
  probate court having jurisdiction to make such appointment.

*Newton Stilwell,* for plaintiff in error.
*Charles R. Cary,* contra.

POWELL, J.; SHIELDS, J., and GRANT, J. (sitting in place of
Voorhees, J.), concur.

Suit was brought on an account by plaintiff, Ellen Lemon
Henicle, administratrix, against Della Flack, as testamentary
guardian of Peter Painter, a minor, without any averment in
the petition that such defendant had been appointed as such
guardian by the probate court of this or any other county of the
state.

To this petition a general demurrer was filed and sustained
and, plaintiff not desiring to amend, the petition was dismissed.
A petition in error was then filed in this court to reverse the
judgment of the court below.

The question presented for consideration is the *status* of a
testamentary guardian of a minor, without any appointment
as such guardian having been made by the probate court.

A testator may name a guardian by will for his minor chil-
dren. Section 10930, General Code.

When so named "he shall be entitled to preference in appoint-
ment over all others, without reference to his place of residence,
or the choice of such minor. His appointment, duties, powers,

and liabilities in all other respects shall be governed by the law regulating guardians not appointed by will, except as otherwise specially provided." Section 10931, General Code.

This would indicate that a guardian named by will but not appointed by the probate court is without legal standing other than his right to preference in the appointment of such guardian. There are two main reasons why this should be so:

1. That no unsuitable person should be appointed guardian over infants of tender years, to their detriment; and

2. Otherwise the probate court would be without authority "to appoint and remove guardians, direct and control their conduct, and settle their accounts," in cases where a guardian has been designated by will. This jurisdiction is exclusive. Section 10492, General Code.

This provision as to guardians is analogous to the appointment of executors named as such in the wills of testators. Section 10605, General Code.

An appointment must be made by the probate court or the executor so named is without authority to act, but the appointment of the executor named in the will is discretionary with the court. The authority of such executor to act is not derived from the will, but from the appointment of the court having jurisdiction over the subject-matter of the action.

The court of common pleas did not err in sustaining the demurrer to the petition, and its judgment will be affirmed.

Judgment affirmed.